44 173
92h 241

## JACOB GRANTMAN, by John Grantman his guardian, *vs.* GEORGE THRALL.

Where an infant sues by a guardian, as provided by the code, the complaint must allege the due appointment of the guardian.

Where a complaint was entitled "J. G. by J. G. his guardian, *v.* G. T." and commenced thus: "The plaintiff complaining states," &c., but contained no allegation that the plaintiff was an infant, under the age of twenty-one years, or that the guardian was duly appointed; *Held* bad on demurrer, for the reason that while it showed that the plaintiff appeared by guardian, it did not aver that the guardian was duly appointed, so as to authorize such appearance.

APPEAL from an order entered at a special term sustaining a demurrer to the complaint and ordering judgment in favor of the defendant. The action was brought to recover damages for a personal injury, sustained by the plaintiff in consequence of the negligence of the defendant, in leaving the opening to his coal cellar uncovered. The complaint was entitled "Jacob Grantman, by John Grantman his guardian, *agt.* George Thrall," but it contained no allegation that the plaintiff was an infant, or that John Grantman had been appointed his guardian.

The defendant demurred to the complaint on the following grounds, viz: for that it appears upon the face thereof,

1. That there is a defect of parties plaintiff.

2. That there is a defect of parties defendant.

3. That the plaintiff has not legal capacity to sue.

4. That the plaintiff does not state facts to constitute a cause of action.

Judgment was given for the defendant, upon the argument of the demurrer, at special term, with leave to the plaintiff to amend his complaint within twenty days, on payment of costs.

*J. C. Cochrane,* for the appellant.

*Mather & Macomber,* for the respondent.

*By the Court*, JAMES C. SMITH, J.   The cases of *Hulbert* v. *Young*, (13 *How. Pr. Rep.* 413,) and *Stanley* v. *Chappell*, (8 *Cowen*, 235,) cited by the respondent's counsel, are decisive in his favor.   In the former, it was held by the court, in this district, at general term, than when an infant sues by guardian, as provided by the code, the complaint must allege the due appointment of the guardian.   The reason assigned is, that it is a traversable fact, and must be so stated that it may be traversed.   It was also held that the defect may be reached by demurrer alleging that the plaintiff has not the legal capacity to sue.

In that case, however, the complaint expressly alleged that the plaintiff was an infant under the age of twenty-one years ; while the complaint in the case before us does not contain that allegation.   It is entitled "Jacob Grantman, by John Grantman his guardian, *agt.* George Thrall," and then proceeds with the words, "The plaintiff complaining states," &c.   By an express provision of the code, the title is made a part of the complaint, and it must state, among other things, the names of the parties to the action.   (*Sec.* 142.) The case is the same, therefore, as if it had been alleged in the body of the complaint that Jacob Grantman, the plaintiff, by John Grantman his gaurdian, "appears and complains," &c.   This brings the case within the decision in *Stanley* v. *Chappell.*   There the plaintiff described himself, in the declaration, as gaurdian and security for Amanda Stanley and others, but did not show how he was guardian and security ; or that he was specially appointed by the court ; or that *those for whom he assumed to act were infants.* On demurrer it was held that the omission to state the appointment of the guardian in the declaration was fatal.

The vice of the complaint before us is, that while it shows that the plaintiff appears by guardian, it does not aver that the guardian was duly appointed so as to authorize such appearance.

The order appealed from should be affirmed with costs, with leave to the plaintiff to amend in twenty days, on payment of costs of demurrer and appeal.

Ordered accordingly.

[MONROE GENERAL TERM, March 6, 1864. *Johnson, J. C. Smith* and *E. Darwin Smith*, Justices.]