[No. 6,426.—Department One.]

MORGAN CRAWFORD ET AL v. C. H. NEAL ET AL.

INFANT PLAINTIFF—GUARDIAN AD LITEM—COMPLAINT—PLEADING.—Where an infant sues by a guardian *ad litem* (as provided in § 372 Code Civ. Proc.), the complaint must allege the due appointment of the guardian, for the appointment of such guardian is a traversable fact, and must be stated in order that it may be traversed. *Held*, accordingly, that a *special* demurrer to a complaint, on this ground, was rightly sustained.

APPEAL from a judgment for the plaintiffs, in the Fifth District Court, County of San Joaquin. BOOKER, J.

The facts are stated in the opinion.

*J. A. Budd & Sons*, for Appellants.

*Byers & Elliott*, for Respondent.

McKEE, J.:

This was an action to quiet title to a tract of land in San Joaquin County. Some of the plaintiffs to this action are infants, and it is stated in the complaint that they sue by their guardian *ad litem*, W. S. Buckley; but it is not stated or averred that the guardian was appointed by any order of the Court or judge, so as to authorize him to sue. There is no averment at all as to his appointment; and because there is no such averment, the defendant filed the following special demurrer, to wit: " That the plaintiffs, Charles Hough, Richmond N. Hough, Dela Hough, and John Hough, have not legal capacity to sue, being minors; and said amended complaint does not state nor show that any one is, or has been, appointed their guardian." The demurrer was overruled, and that is assigned as error.

At common law, an infant could sue by guardian or *prochein amy ;* but in suing by either it was necessary to show, by an express averment in the declaration, that he had been appointed by the Court for that purpose. In *Combers* v. *Watton*, 1 Lev. Rep. 224, and *Fitzgerald* v. *Villiers*, 3 Mod. Rep. 236, upon error assigned that no warrant was alleged of the admission of any guardian for the infant plaintiff, so that it might appear to

be the act of the Court, it was held that it must appear that the guardian was admitted by the Court.

Under our Codes, an infant cannot appear by a *prochein amy;* but it is provided by § 372 of the Code of Civil Procedure, that when an infant is a party he must appear by his general guardian, or by a guardian appointed by the Court in which the action is prosecuted, or by a judge thereof. This section is the counterpart of § 115 of the New York Code, upon which the Courts of that State have held, that the necessity to show the due appointment of the guardian by the Court or judge remains as at common law; and for the same reason, that it is a traversable fact, and must be so stated, that it may be traversed. (*Stanley* v. *Chappell*, 8 Cowen, 235: *Hulbert* v. *Young*, 13 How. Pr. 414; *Grantman* v. *Thrall*, 44 Barb. 173.)

It is urged, that objection to the appointment of the guardian should have been made to the Court when it made the appointment, and that it is not ground for demurrer; but that is assuming what does not appear on the face of the complaint, that there was an appointment. Besides, applications for such an appointment are made *ex parte.* (§ 373 Code Civ. Proc.)

It follows, that the Court below erred in overruling the demurrer.

Judgment reversed, and cause remanded to the Superior Court of San Joaquin County, with direction to sustain the demurrer, and allow plaintiffs to amend their complaint.

McKINSTRY, J., and ROSS, J., concurred.