[No. 13223. In Bank.—August 1, 1889.]

IN THE MATTER OF THE ESTATE OF ANNA J. SKER-
RETT, DECEASED.

ESTATES OF DECEASED PERSONS — DISTRIBUTION — APPEAL BY EXECUTOR OF DECEASED HEIR — APPEAL BOND. — An appeal from an order of distribution by an executor of a deceased heir does not entitle such executor to claim the benefit of section 965 of the Code of Civil Procedure as to bonds on appeal, the appeal not being from an order made in the settlement of the estate of which he is executor. To entitle such executor to the benefit of section 946 of the same code, an order must be made dispensing with the bond within the time allowed for filing the bond.

ID. — ORDER NUNC PRO TUNC — DISMISSAL OF APPEAL. — An order *nunc pro tunc* may be made to correct a mistake in failing to enter an order which was actually made, or which should have been made as a matter of course; but an omission to make an order dispensing with an appeal bond cannot be supplied by an order *nunc pro tunc* after the time for making it has elapsed. If such order was actually made, but not entered in time, the record should show that fact, and it cannot be shown by affidavits, on motion to dismiss an appeal for want of a bond, upon appeal.

APPEAL from an order of the Superior Court of the city and county of San Francisco distributing the estate of a decedent.

Motion to dismiss appeal. The facts are stated in the opinion of the court.

*John F. Burris*, for Appellants.

*A. H. Loughborough*, for Respondents.

BEATTY, C. J.—In this case several persons, claiming to be heirs of the decedent, have joined in appealing from an order distributing a portion of the estate to a legatee. He now moves to dismiss the appeal, upon the ground, among others, that no undertaking was filed in time to render the appeal effectual. The notice of appeal was served January 30, 1889, and filed January 31, 1889. The undertaking was not filed until February 5th, which was one day too late to save the appeal. (Code Civ. Proc., sec. 940; *Boyd v. Burrel*, 60 Cal. 280.) But one of the appellants is the executor of a deceased heir, and appeals in that character. He claims that his appeal is saved by operation of sections 946 and 965 of the Code of Civil Procedure. Section 965 cannot help him, because this is not an appeal from an order made in the proceeding for the settlement of the estate of which he is the executor. Conceding, without deciding, that section 946 applies to the three-hundred-dollar bond (Mr. Hayne thinks it does not: 2 New Trial and Appeal, sec. 220), it is necessary, to make that section available, that there should have been an order of the superior court dispensing with the undertaking. We are furnished with a copy of such an order, dated and filed June, 1889, four months after the bond should have been filed, and two days after service of notice of this motion. At the end of this order there is a direction that it be entered *nunc pro tunc*, as of date February 1, 1889, but it contains no recital that such an order was actually made at that date, or at any date previous to June 4, 1889. We think it clear, that in order to save the appeal in cases covered by section 946, the order dispensing with security must be made within the time allowed for filing the bond. After the appeal has lapsed, it cannot be restored by an order subsequently made, and a direction that such order be entered *nunc pro tunc* as of an earlier date is unavailing. Where all the conditions upon which the entry of a judgment or order de-

pends exist, and the making or entry of the order is a mere ministerial duty or matter of course, and the performance of the duty is neglected or delayed, or where an order has actually been made and its entry omitted, we suppose it may be subsequently entered, and if justice requires, may be made to take effect *nunc pro tunc*, as of the date when it was actually made, or at any time when existing conditions imposed upon the court or its officer the duty of entering it. But here the making of the order in question rested entirely in the discretion of the superior judge, and was never a matter of course. Therefore, it could never have an existence until his discretion was exercised. And if it was actually made prior to February 5th, and its entry omitted, the fact that it was so made at the proper time should be shown by the record of the superior court. We cannot try the question on affidavits filed here. Moreover, the affidavits filed by appellant do not satisfactorily prove this essential fact, even if they could be considered. They do not show that the superior judge signed an order out of court, or directed the entry of an order in court. The affidavit of appellant's counsel shows that he discussed with the judge of the superior court the question of dispensing with the bond, and that he approved it, and that his clerk obtained a further order from said judge dispensing with the filing of said bond. We infer from this that appellant regards the verbal approval by the judge of a suggestion made in the course of a conversation out of court as an order, and that the "further order" obtained by the clerk was like its antecedent. We think the motion to dismiss must be granted, and it is so ordered.

Paterson, J., Thornton, J., Works, J., and Sharpstein, J., concurred.