[Civ. No. 1265.　Third Appellate District.—June 10, 1914.]

FRANK DILLON, Respondent, v. THE SUPERIOR COURT of NEVADA COUNTY et al., Appellants.

Filing Papers—When Accomplished—Remissness of Officer.--A paper is deemed to be filed when presented at the proper office, especially when there deposited with directions to file it; and when a proper filing or offer of filing has thus been made by a party, he should not suffer for the remissness of the filing officer in the performance of his duty.

Id.—Appeal in Justice's Court—Filing of Undertaking—Indorsement of Filing Mark.—Where the undertaking and notice of appeal in a justice's court are received by the justice in time, with the request that they be filed, the failure of the justice to indorse the filing mark on the undertaking as of such date, he having indorsed an earlier date thereon when the sureties justified before him, does not deprive the superior court of jurisdiction.

PETITION for a Writ of Prohibition directed to the Superior Court of Nevada County.　G. L. Jones, Judge.

The facts are stated in the opinion of the court

J. M. Walling, for Appellants.

Fred Searls, and Nilon & Arbogast, for Respondent.

THE COURT.—Writ of prohibition to restrain the defendant from proceeding to hear and determine a certain cause. There is no substantial dispute as to the facts. It appears that, on September 16, 1913, plaintiff obtained a judgment against one Cooley, in the justice's court of Washington Township, Nevada County; that, on October 11, 1913, an undertaking on appeal in due form was filed in said justice's court and said justice indorsed the same—"Filed Oct. 11, 1913, A. McGagin, Justice of the Peace, said Township," and, on the same date, made the following entry in his docket in said cause: "October 11.　Undertaking on appeal filed with A. Scwartz and N. M. Melrose as sureties." It appeared by the affidavit of the justice that, on October 11, 1913, "Cooley the defendant in said cause, brought to affiant an undertaking on appeal, now on file in said cause,

and requested affiant to take the affidavit of the sureties thereon. That affiant thereafter took the affidavits of the sureties on said undertaking and indorsed a filing mark on said undertaking as of the date of October 11, 1913, the date that said undertaking was verified by the said sureties. That he was not requested to file said undertaking by the said M. D. Cooley or by any other person, and that after taking the affidavits of the said sureties he returned the said undertaking to said M. D. Cooley, who, as affiant is informed and believes, returned the same to Fred Searls, one of his attorneys at Nevada City. That the said undertaking was not placed in the files of the said justice's court but was delivered to the said M. D. Cooley to be returned to Nevada City, and said undertaking was not placed among the papers and files in said cause until October 14, 1913." As it was, on October 11, returned to Cooley it, of course, could not then have been placed among the papers. Affiant further deposed that, on October 14, 1913, he received from Mr. Searls, by letter, "the said undertaking on appeal together with notice of appeal and request that said notice of appeal and said undertaking be filed in said action," and that, "upon the receipt of said notice on appeal and undertaking on appeal affiant filed the notice of appeal and placed the undertaking on appeal without any additional filing mark thereon among the papers in the said cause, and thereafter affiant transmitted said papers to the county clerk of the county of Nevada." Mr. Searls's letter was directed to the justice of the peace and contained the following directions: "Herewith find notice of appeal and undertaking on appeal in the matter of F. Dillon, plaintiff, *v*. M. D. Cooley, defendant. File the notice of appeal and undertaking and send down transcript of your docket to George Coughlin, clerk of the superior court, Nevada County." The justice's docket as transcribed, with all the papers, was sent to the clerk, on October 17, 1913, and contains no entry after entry of the judgment, except the following: "October 11. Undertaking on appeal filed with A. Scwartz and N. M. Melrose as sureties. October 14. Notice of appeal received and placed on file."

Attorney Searls's clerk, J. W. O'Neill, deposed: "That on or about the 10th day of October, 1913, he forwarded to M.

D. Cooley, the defendant in said cause, an undertaking on appeal with instruction to the said M. D. Cooley to have the same executed at once by two good and sufficient sureties; to have said sureties verify the undertaking before A. W. McGagin, justice of the peace in and for Washington Township; . . . and then return the said undertaking to Fred Searls, Esq., at Nevada City, California, to be by him forwarded for filing to the said justice of the peace''; that it was received on October 12th and on the 13th was sent back to the justice by mail together with notice of appeal and, as above stated, was received by the justice on the 14th, at which date the notice of appeal was filed, but there was no further filing of the bond noted either on the bond or in the docket.

On December 19, 1913, plaintiff's attorney filed a motion in the superior court to dismiss the appeal on the ground "that no bond for costs on appeal has been given or filed in said action by appellant as required by the provisions of the statute in such case provided." Thereafter, on January 12, 1914, the motion came on to be heard and, in opposition thereto, appellant filed the foregonig affidavits of the justice of the peace and Mr. O'Neill and the letter of Mr. Searls. The court made the following order:

"It is therefore ORDERED that appellant be and he is hereby given permission to supply the omissions, if any exist, of the marking as filed on October 14th, 1913, of an undertaking on appeal and of the making of the entry of filing such undertaking in the docket of the justice of the peace of Washington township by applying to said justice to so mark such undertaking and to make such entry, and if such application is granted by said justice, then said justice shall certify said entry to this court. Permission to withdraw said undertaking on appeal in this matter from the files of this court is granted appellant for presentation of the same to the said justice of the peace, said undertaking to be returned to said files of this court, with the certificate of such entry on the docket, if any is made by said justice, within fifteen days from the date of this order. And in the mean time, respondent's motion to dismiss said appeal is hereby ordered continued until the further order of this court."

Pursuant to said order and on notice given by defendant to plaintiff, the matter came before the justice on February 23,

1914, who, as is alleged and not denied, "changed the original filing mark on said undertaking by simply changing the figure 11th to 14th by converting the unit 1, in the date 11th, to a figure 4, but did not in any other manner whatever refile said undertaking or place any other filing marks thereon. Thereafter, and on February 27, 1914, said so-called amended copy of docket and amended filing of said undertaking, was filed in said cause in said superior court," and, on April 6, 1914, said court denied said motion to dismiss said appeal.

The demurrer of respondent to the petition presents the question to be determined.

Section 978a of the Code of Civil Procedure provides as follows: "The undertaking on appeal must be filed within five days after the filing of the notice of appeal and notice of the filing of the undertaking must be given to the respondent. The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice or judge within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given." It was held, in *Goodman* v. *Superior Court*, 19 Cal. App. 457, [126 Pac. 185]: "Upon an appeal from a justice's court to the superior court, where the undertaking on appeal was prematurely filed, before the filing of the notice of appeal, the superior court acquires no jurisdiction of the appeal."

It appears from the exhibits to the petition that attorney Searls sent the bond to the defendant in the action with instructions to have the same executed by the sureties before the justice of the peace who tried the case "and then return the said undertaking to Fred Searls . . . to be by him forwarded for filing to the said justice of the peace." The latter deposed that at the time the sureties signed the undertaking "he was not requested by the defendant or any other person to file said undertaking." He, however, marked it filed as of October 11 and handed it back to defendant who, according to his instructions, returned it to attorney Searls. The latter then prepared his notice of appeal which, together with the undertaking, was sent back to the justice of

the peace with instructions to file both the notice of appeal and the undertaking and forward the record to the clerk of the superior court. The justice of the peace received the papers on October 14th, indorsed the notice of appeal filed as of that date but made no indorsement on the undertaking other than that as above explained and made no entry in his docket as to the filing of the undertaking other than that made October 11th. The matter rested in that shape until later when the plaintiff in the action moved, in the superior court, to dismiss the appeal. Pending the hearing of the motion, the judge of the superior court made the order above quoted. When the matter was presented to the justice he, upon the hearing, changed the date in his docket of the filing of the undertaking from October 11th to October 14th and sent up a corrected transcript showing that both the notice of appeal and the undertaking were filed on October 14th.

Petitioner's contention is that the bond was in fact prematurely filed October 11th and the fact cannot now be disputed; that when defendant Cooley took the bond to the justice of the peace he was acting, as he had a right to do, in his own behalf, and if he be treated as acting for his attorney, being himself the principal, he is bound by whatever took place; that he knew the justice marked the bond filed October 11th and that the attorney also must have known the fact; that with knowledge of this fact and that the transcript of the docket had been sent up to the superior court showing that the bond was filed of that date, he rested for some time and the appellant ought not now to be permitted to question the verity of the docket transcript as originally sent up. Furthermore, that the justice of the peace had no power to make the corrections asked and the superior court had no power to order that he be permitted to do so, or to receive and act upon a corrected docket. It is also claimed that the plaintiff in the action had five days from the date of filing in which to object to the sureties, under section 978a, and had he gone to the justice's office on October 16th he would have found the bond there marked filed October 11th and the same entry in the docket and would have had a right to act upon the assumption that the filing and docket entry were properly made. He was not required to watch the office of the justice after that date. Nor would he have

found any necessity for objecting to the sureties inasmuch as no notice of appeal was filed until the 14th which rendered the appeal ineffectual. He could thus rest upon the belief that the attempt to appeal had failed. It is also urged that the correction now sought to be made effectual deprives plaintiff of the right to object to the sureties and that the effect of the correction is to make a filing of the bond as of the date of the correction and hence too late, since the filing of the notice of appeal must precede the undertaking. (Code Civ. Proc., sec. 978a.)

We do not think it necessary to decide whether the justice had the power to correct his docket or the filing upon the papers. Nor do we think it necessary to decide whether the court had the power to refer the matter back to the justice for correction.

There is a feature of the case which, in our opinion, should save the appeal. When Mr. Searls returned the bond and the notice of appeal and directed the justice to file them it became his duty to do so though requiring him to refile the bond. We do not think that appellant was precluded from filing a new bond within five days after filing his notice of appeal where this was done within the time allowed to take the appeal, and we see no reason why the bond already marked filed might not have been refiled and have served the purpose of a new bond. Appellant should not suffer because the justice did not mark the bond filed at that time as of October 14th. Had the bond gone up with the papers in the case without any filing mark the fact that it was presented to the justice with a request to file it could have been shown in the superior court and would have been sufficient.

A paper is deemed to be filed when presented at the proper office and deposited with the papers (*Tregambo* v. *Comanche M. & M. Co.,* 57 Cal. 501; *Howell* v. *Slauson,* 83 Cal. 539, [23 Pac. 692]); especially so when deposited in the proper office with directions to file the paper. (*Edwards* v. *Grant,* 121 Cal. 254, 256, [53 Pac. 796].) In *Hoyt* v. *Stark* 134 Cal. 178, [86 Am. St. Rep. 246, 66 Pac. 223], the question as to when a paper is to be deemed filed was quite fully considered. The court said: "Nor do we mean to be understood that when a proper filing or offer of filing has been made by a party, that he shall suffer for the remissness of the clerk

in the performance of his duty. But the proper offer means more than a mere presentation to the officer. It means to him at the proper place, and within the proper time. When this is done, the party is required to do no more, and will not be endangered in any of his rights by the failure of the clerk, in turn, to perform his duty.'' In the case here the officer received the undertaking and notice of appeal in time and was requested to file both. He marked the notice of appeal filed and placed both papers in his files with the other papers, but neglected to mark the undertaking filed. Appellant, we think, had a right to rely upon the presumption that the officer performed his duty, which was to file both papers. We think also that appellant's attorney was not required to go in person with the papers but that it was sufficient to send them by mail, as they were received in due time and dealt with by the officer in his official capacity as duly received. In contemplation of law the documents were filed and the failure so to mark one of them does not affect the fact nor prove that it was not filed.

That the justice's docket was silent as to the fact would be immaterial and needed no correction. Naturally, the docket was silent because the bond was not marked filed on the 14th. It may be true that the bond was first filed prematurely and, had there been no request to file it again within the time given by the statute, the first filing would have stood as the only filing and would have been fatal to the appeal.

In our opinion the superior court had authority, on the showing made on the motion to dismiss the appeal, to treat the undertaking as filed of date October 14th and that it was unnecessary to refer the matter back to the justice of the peace for correction or for any action on his part. The superior court had all the facts before it and could act upon them.

The writ must, therefore, be denied.