[Civ. No. 2985. Fourth Dist. Jan. 7, 1943.]

HARRY M. HESS, Appellant, v. CHAS. S. GROSS et al., Defendants; T. H. ENDICOTT, Respondent.

530

Duckworth, Mussel and King for Appellant.

Fred A. Wilson and Edward A. Penprase for Respondent.

BARNARD, P. J.—This is an action against the sureties on an undertaking staying execution pending an appeal from a judgment for the delivery of the possession of real property.

In a former action against one Moodey this plaintiff recovered judgment, from which Moodey appealed on April 11, 1938. On April 20, 1938, an undertaking in the amount of $3,000 was filed for the purpose of staying execution of said judgment, which was signed by these defendants and which covered the commission of any waste upon the property and the value of the use and occupation thereof, in the event the judgment should be affirmed. On January 8, 1940, that judgment was affirmed.

The present action was commenced on December 10, 1940. An answer was filed by the defendant Endicott, but the other defendant did not appear. During the trial of this action it developed that the files of the former action did not contain any order fixing the amount of a bond for the purpose of staying execution of that judgment. Thereupon, there was filed in the former action under date of December 6, 1941, a *nunc pro tunc* order signed by the judge who tried that action in which it was recited that an order had been issued in that action on April 25, 1938, restraining the plaintiff from occupying the property described in the complaint pending the determination of the appeal from the judgment, that before the issuance of said restraining order and on April 16, 1938, the court had ordered the amount of the undertaking to stay execution of the judgment fixed at $3,000, that the records in said action did not show that such order fixing the undertaking was made, and that, in order to correct said records and make them speak the truth, it was thereby ordered that the amount of the undertaking staying the execution of the judgment pending the appeal be fixed at $3,000 as of April 16, 1938, and that the clerk was directed to make a minute order accordingly. A copy of this *nunc pro tunc* order was introduced in evidence in the present action. While the court found that the plaintiff had been damaged in the sum of $1,800 by reason of the facts set forth in the complaint it further found that the signing of the undertaking in question was without consideration

insofar as the defendant Endicott is concerned. Judgment was entered in favor of the defendant Endicott and this appeal followed.

The main controversy is as to whether the judge who tried the former action had the power to make a *nunc pro tunc* order correcting the record in that action, and with respect to the effect of that order upon the respondent Endicott. This respondent argues that the amount of the said bond had not been fixed at the time the present action was commenced, that the stay bond was therefore invalid and ineffective to stay the execution of the former judgment, that since there was no stay of execution there was no consideration for his signing the bond, and that the entry of the *nunc pro tunc* order could not alter his status as a surety. This contention that no order fixing the amount of the stay bond had been made prior to December 6, 1941, is not sustained by the record. There is no evidence to that effect although a deputy clerk testified that he had searched the files and found no such order therein. On the other hand, the trial judge in the former action states in his *nunc pro tunc* order that an order had been made on April 16, 1938, fixing the amount of the bond at $3,000, and the record was ordered to be so corrected as to show such fact.

This respondent contends that the *nunc pro tunc* order was void since the record does not disclose that any written order had ever been entered which could be subject to correction, and that if the original order fixing the amount of the bond was oral it could not be corrected. It would be strange indeed if an error of the clerk in entering such an order as the one here in question could be corrected, but if the clerk failed to make any entry at all the court would be powerless to make the correction. So far as material here, the essential thing required by section 945 of the Code of Civil Procedure is that the amount of the bond be fixed by the trial judge. If this was done and the record failed to show that fact no good reason appears why such a situation should constitute an exception to the usual rules under which a court is given broad powers in so correcting its records as to make them speak the truth. In *Osmont* v. *All Persons,* 165 Cal. 587 [133 P. 480], the court said:

"As to *nunc pro tunc* orders, it is true that certain courts in treating of them feel themselves bound by narrow, technical, and rigid rules. Such courts hold that the sole office

of a *nunc pro tunc* order is to supply a deficiency in the record under a previous order, judgment or decree actually given, so as to make that previous order, judgment or decree conform to verity. Such indeed is an important function performed by a *nunc pro tunc* order. But in the view of this court it is not its sole or exclusive function. Whenever justice requires it, if no express statute prohibiting it stands in the way, the courts of this state, under the guidance of this court, have always countenanced the entry of *nunc pro tunc* orders to preserve substantial rights, and such orders are made *nunc pro tunc* not alone to supply deficiencies in the record of previous orders or judgments, but they are ordered entered *nunc pro tunc* when no previous judgment or order upon the matter has been made, though always, as has been said, to preserve and never to impair the rights of litigants.''

In *Kaufman* v. *Shain*, 111 Cal. 16 [43 P. 393, 52 Am.St. Rep. 139], it is said:

''The court is not precluded from correcting the entry merely because the 'record' does not show that it is itself incorrect. The rule at common law, that the record can be amended only when there is something in the record to amend by, was applied when it was sought to amend a judgment at a term of the court subsequent to that in which it had been signed and enrolled, but it has no application to the amendment of matters that do not form a part of the judgment-roll or 'record.' ''

In *In re Skerrett*, 80 Cal. 62 [22 P. 85], the court said: '' . . . where an order has actually been made and its entry omitted, we suppose it may be subsequently entered, and if justice requires, may be made to take effect *nunc pro tunc*, as of the date when it was actually made. . . . '' In *Carter* v. *J. W. Silver Trucking Co.*, 4 Cal.2d 198 [47 P.2d 733], we find: ''All courts have the inherent power to correct their records so they shall conform to the facts and speak the truth, and that right is not suspended by an appeal from the order nor because the record itself does not show that the entry was incorrect.''

██ Nor do we think this respondent was such a third person as would be immune from the effect of the *nunc pro tunc* order, or that this order changed his status as a surety. A *nunc pro tunc* order is allowed for the purpose of preserving the rights of litigants. (*Osmont* v. *All Persons*, 165 Cal.

587 [133 P. 480].) The litigants in the action in which the *nunc pro tunc* order was made were Hess and Moodey. The respondent Endicott is not an innocent third party who happened to be affected by the judgment in that action. He injected himself into that action by agreeing to pay certain sums if the judgment should be affirmed and for the very purpose of assisting one of the parties to that action in obtaining a stay of execution. His purpose was accomplished and his real contention here is not that an order fixing the amount of the bond had not, in fact, been made but that the record in that action fails to disclose this fact. The usual rules permitting a record to be so changed as to make it speak the truth and show the actual facts are applicable here and these rules apply to and bind this respondent as well as the parties to the original action. This respondent's status as a surety was fixed by the actual facts as they existed and his liability is in no way increased by the mere correction of the record to show those facts. The record having been corrected and the requisite facts having been introduced in evidence in this action, his defense of lack of consideration failed. It follows that the court's finding in this regard is without support in the evidence. Under the other findings, the appellant was entitled to judgment.

The judgment is reversed with directions to enter judgment in favor of the appellant.

Marks, J., and Griffin, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 8, 1943.