[*Civ. No. 32794.   Second Dist., Div. Two.   Aug. 7, 1968.*]

CITY OF LOS ANGELES, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; ALLEN PETERS, a Minor, etc., et al., Real Parties in Interest.

Roger Arnebergh, City Attorney, and Winston F. Tyler, Deputy City Attorney, for Petitioner.

No appearance for Respondent.

Levinson, Rowen & Klein and Harold Klein for Real Parties in Interest.

McCOY, J. pro tem.*—This is a proceeding for a writ of mandate requiring the Superior Court for the County of Los Angeles to vacate and set aside its order of December 4, 1967, in the case of Peters, a minor, et al. v. City of Los Angeles number 907287, granting plaintiffs' motion for an order changing the date of filing of the complaint and overruling defendant's demurrer, and to restrain the respondent court from taking any further proceedings.

The facts are admitted. Plaintiff, Allen Peters, a minor, was injured in an accident on July 18, 1966. By the first cause of action in the complaint which is the subject of this proceeding Allen Peters seeks to recover damages for personal injuries sustained by him in that accident, alleging that the accident was caused by the negligence of the City of Los Angeles in failing to keep the street where the accident happened "in good repair." He further alleges that "On or about August 16, 1966, plaintiff duly filed with the City of Los Angeles a claim for damages. On October 27, 1966, said claim was denied." The second cause of action is for damages to the car of Allen Peters' father. The complaint in the action was in fact filed April 7, 1967. The City of Los Angeles is the only named defendant.

Defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against it "in that it is apparent on its face that it is barred by the applicable statute of limitations." In its points and authorities the defendant argued that a claim is deemed denied by operation of law 45 days after it has been filed (Gov. Code, § 912.4), and that in this case the 45 days after the filing of plaintiff's claim on August 16, 1966, expired on September 30, 1966; that under section 945.6, subdivision (a), of the Government Code, a complaint must be filed within six months of the date on which the claim is denied or it is barred by the statute of limitations; that the six months after the date of denial of plaintiff's claim on September 30, 1966, expired March 30, 1967, and that April 7, 1967, the date on which plaintiff's complaint was filed was clearly beyond the statutory period for filing.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

On September 13, 1967, the hearing on the demurrer was continued to October 9 at the request of plaintiff's attorney. In the interim plaintiff noticed a motion to be heard on October 9 "for an Order Nunc Pro Tunc amending the filing date of the complaint to March 29, 1967." In support of this motion plaintiff's attorney filed a declaration in which he alleged: "II. The Complaint in this matter was originally presented to the Court for filing on March 29, 1967, as evidenced by the date stamped with the clerk's stamp on said date. A copy of said original Summons is attached hereto and by this reference incorporated herein. III. Due to an inadvertent error on the part of this Declarant in omitting the age of the minor child in the Petition for Guardian ad Litem, the Complaint was not accepted for filing on that date. IV. As a result thereof, the Complaint was not filed until April 7, 1967. V. The Statute of Limitations ran on the filing of the Complaint on March 30, 1967. In order to preserve the Statute of Limitations, it would have been possible and proper to file the Complaint on March 29, 1967, the date said Complaint was originally presented for filing and subsequently filing the Petition for Guardian Ad Litem as corrected, in order that the Summons be issued. VI. It is therefore respectfully requested that the honorable court issue an Order Nunc Pro Tunc amending the filing date of the Complaint to March 29, 1967, the date said Complaint was originally presented for filing to the Clerk of the Superior Court. Said Complaint was in proper form and was acceptable for filing." The copy of the summons attached to this declaration does show a machine stamped date reading "Mar 29 1967," through which a line has been drawn in ink, and a machine stamped date reading "Apr. 7 1967" which is the date the complaint was filed and the summons issued.[1]

On December 4 the court granted plaintiffs' motion to amend the filing date, citing *Dillon* v. *Superior Court,* 24 Cal.App. 760 [142 P. 503], as its authority, at the same time

[1]In a later declaration filed in support of the motion plaintiffs' attorney alleges in part: "4. Due to an inadvertent error on the part of this declarant in obtaining the age of the minor child for the Petition of Appointment for Guardian Ad Litem, the Complaint was not accepted for filing on that date. This non-acceptance of the filing of the Complaint, which in fact was in proper form, was a clarical [*sic*] error on the part of the Clerk of the Superior Court. This declarant has had conversations with both Commissioner Alley of the Superior Court and Deputy Clerk Collins of the Superior Court, who both advise the Complaint in fact should have been accepted for filing and the Summons held until such time as the Petition for Appointment of Guardian Ad Litem was granted.

it overruled defendant's demurrer with leave to answer in 20 days. Petitioner contends that the order granting plaintiffs' motion is void for want of jurisdiction, and that consequently the demurrer should have been sustained.

The narrow question before us is whether the court had power to grant plaintiffs' motion for an order "amending" the date of the filing of the complaint from April 7, 1967, to March 29, 1967, in order to avoid the running of the statute of limitations. The question appears to be one of first impression. In our opinion the court had no authority to make the order.

Admittedly there are no authorities squarely in point. As we read it, the case of *Dillon* v. *Superior Court,* 24 Cal.App. 760 [142 P. 503], cited by the court in making its ruling is distinguishable on its facts. That was a proceeding in prohibition to restrain the Superior Court for Nevada County from hearing an appeal from a judgment of a justice court because the undertaking on appeal had not been timely filed. The facts as they appear in the court's opinion were these: On October 10, 1913, Fred Searls sent to his client Cooley, the defendant in the justice court action, an undertaking on appeal with instructions to have it executed by the sureties before the justice of the peace who tried the case, "and then return the said undertaking to Fred Searls . . . to be by him forwarded for filing to the said justice of the peace." The justice of the peace later deposed that at the time the sureties signed the undertaking "he was not requested by the defendant or any other person to file said undertaking." He, however, marked it filed as of October 11 and handed it back to defendant who, according to his instructions returned it to his attorney. Searls then prepared his notice of appeal which, together with the undertaking, was sent back to the justice of the peace with instructions to file both documents and forward the record to the clerk of the superior court. The justice of the peace received and filed the notice of appeal on October 14, but made no further filing endorsement on the undertaking and no further entry in his docket. In certain further proceedings

The Statute of Limitations, therefore, would not have run against plaintiff. The failure to accept the complaint for filing was a clerical error on the part of the Clerk of the Court." No declarations by Commissioner Alley and Deputy Clerk Collins were filed, and there is no allegation as to when these alleged conversations took place. Furthermore, the record does not contain any declaration by the deputy clerk who refused to accept the complaint for filing on March 29, 1967.

before him, pursuant to an order of the superior court on a motion to dismiss the appeal[2] the filing date on the undertaking was changed by the justice of the peace to October 14.

In denying the writ of prohibition the court held that the filing of the undertaking on October 14 should properly be considered as the filing of a new undertaking and was timely filed. With respect to the filing of papers with the court it said (pp. 765-766) :

"A paper is deemed to be filed when presented at the proper office and deposited with the papers (*Tregambo* v. *Comanche Mill & Min. Co.*, 57 Cal. 501; *Howell* v. *Slauson*, 83 Cal. 539, [23 P. 692]) ; especially so when deposited in the proper office with directions to file the paper. (*Edwards* v. *Grant*, 121 Cal. 254, 256 [53 P. 796].) In *Hoyt* v. *Stark*, 134 Cal. 178 [66 P. 223, 86 Am.St.Rep. 246], the question as to when a paper is to be deemed filed was quite fully considered. The court said : 'Nor do we mean to be understood that when a proper filing or offer of filing has been made by a party, that he shall suffer for the remissness of the clerk in the performance of his duty. But the proper offer means more than a mere presentation to the officer. It means to him at the proper place, and within the proper time. When this is done, the party is required to do no more, and will not be endangered in any of his rights by the failure of the clerk, in turn, to perform his duty.' In the case here the officer received the undertaking and notice of appeal in time and was requested to file both. He marked the notice of appeal filed and placed both papers in his files with the other papers, but neglected to mark the undertaking filed. Appellant, we think, had a right to rely upon the presumption that the officer performed his duty, which was to file both papers. We think also that appellant's attorney was not required to go in person with the papers but that it was sufficient to send them by mail, as they were received in due time and dealt with by the officer in his official capacity as duly received. In contemplation of law the

---

[2]When the motion to dismiss the appeal was heard the superior court "ORDERED that appellant be and he is hereby given permission to supply the omissions, if any exist, of the marking as filed on October 14th, 1913, of an undertaking on appeal and of the making of the entry of filing such undertaking in the docket of the justice of the peace of Washington township by applying to said justice to so mark such undertaking and to make such entry, and if such application is granted by said justice, then said justice shall certify said entry to this court." (*Dillon* v. *Superior Court*, 24 Cal.App. 760, 762 [142 P. 503].)

documents were filed and the failure so to mark one of them does not affect the fact nor prove that it was not filed.''

As we see it, the case before us is materially different from that before the court in *Dillon*, in that in *Dillon* there was no impediment to the marking of the undertaking on appeal as filed on the later date when it was received by the justice of the peace for that purpose, whereas in our case, the complaint was not deposited in the clerk's office on March 29, 1967, albeit it was tendered to the clerk for filing on that date, but was in fact taken away from the clerk's office on that day by plaintiffs' attorney.

Plaintiffs contend here, as they did in the respondent court, on the authority of *Mather* v. *Mather*, 22 Cal.2d 713 [140 P.2d 808], and *Hess* v. *Gross*, 56 Cal.App.2d 529 [133 P.2d 1], that the purpose of the *nunc pro tunc* order which they sought is to preserve the legitimate fruits of the litigation to the prevailing party, and that the order the court made accomplished that purpose. ■ Plaintiffs obviously misconceive the purpose of a *nunc pro tunc* order. Such an order "cannot be made for the purpose of declaring that something was done which was not done. Its only office is to cause the record to show something done which was actually done, but which, by misprision or neglect, was not at the time entered in the record." (*Cowdery* v. *London & San Francisco Bank*, 139 Cal. 298, 306 [73 P. 196, 96 Am.St.Rep. 115]; *Siegel* v. *Superior Court*, 68 Cal.2d 97, 101 [65 Cal.Rptr. 311, 436 P.2d 311].) ■ Even assuming that, in accord with these cases, the court could order the clerk to make a record *nunc pro tunc* of something which he in fact did on a certain day, no court could order him to make a record of something which was not done on that day. Here, of course, the complaintiff was not filed on March 29.[3]

Plaintiffs further contend that the clerk of the superior court "erroneously did not accept the complaint for filing for the reason that there was omitted from the Petition for Guardian Ad Litem, the age of the minor child herein, Allen Peters," and that the clerk should have accepted the complaint for filing on the date it was presented and withheld the

---

[3]In his points and authorities filed in the respondent court in support of the motion, plaintiffs' attorney also contended without citation of any authority, that section 473 of the Code of Civil Procedure grants to the court "the discretion to correct error of the type before the court." This contention is not renewed here. We find nothing in that section which has any bearing on the case.

issuance of the summons until the petition for the appointment of a guardian ad litem with the age of the minor recited therein. This contention is not supported by the record and is without merit.

Section 372, Code of Civil Procedure, provides that when a minor is a party he must appear by his general guardian "or by a guardian ad litem." Section 373 provides that "when the infant is plaintiff the appointment [of the guardian ad litem] must be made before the summons is issued, upon the application of the infant, if he be of the age of fourteen years, . . ." It is apparent from these sections that on March 29 the clerk could, and perhaps should, have filed the complaint, but withheld the issuance of the summons until a guardian ad litem was appointed. We do not know for sure what happened on March 29. We only have the word of plaintiffs' attorney that "Due to an inadvertent error on the part of declarant in omitting the age of the minor child in the Petition for Guardian Ad Litem, the complaint was not accepted for filing on that date." This is no more than a conclusion.

When an action such as this is brought by a minor the complaint must allege the due appointment of a guardian ad litem for the minor plaintiff. (*Crawford* v. *Neal,* 56 Cal. 321.) Presumably, the complaint filed April 7, 1967, is the same complaint submitted to the clerk for filing on March 29. Although the caption to the complaint reads in part "Allen Peters, a minor, by Abraham Peters, his parent and guardian," there is no allegation in the complaint that Allen Peters is a minor, or that Abraham Peters is his duly appointed guardian or guardian ad litem. It also appears from the petition and the order appointing Abraham Peters as guardian ad litem filed April 7 that it was executed by the minor and his father on some undesignated date in March. Furthermore, although the petition for appointment of a guardian ad litem reads that "Petitioner is a minor of the age of 17," it does *not* appear, as claimed by the plaintiffs' attorney, that the figure "17" was typed in after March 29, when, allegedly, the clerk called his attention to the omission; nor is there any explanation of the claimed "inadvertent error." Common sense tells us that, if the facts are as now claimed by plaintiffs, it would have been a simple matter for the attorney to have cured the error forthwith on March 29 by writing in the figure "17" in longhand. There was certainly no need for him to take the petition back to his office for the sole purpose

of having that figure typed in on a document already executed by his clients. It seems more than a fair inference, in the absence of any declaration by the deputy clerk who allegedly refused to file the complaint, that he did so because of failure of plaintiffs' attorney to present the petition for the appointment of a guardian ad litem at that time.[4]

In answer to the narrow question before us, we are satisfied that the respondent court had no authority to grant plaintiffs' motion and, in effect, order that the complaint should be deemed to have been filed on March 29, 1967, and that that order must be vacated.

■ Defendant's demurrer to the complaint was on the ground that plaintiffs' action was barred by the applicable statute of limitations (Gov. Code, § 945.6, subd. (a)). Having ordered that the filing date should be changed to March 29, 1967, the court overruled the demurrer. In our opinion the filing date to be considered in determining whether the statute of limitations had run when the complaint was filed is April 7, 1967. This being so, the order overruling the demurrer must be vacated in order that the respondent court may reconsider its ruling thereon, having in mind particularly the protection accorded to a minor's cause of action in cases such as this until his majority, no matter what statutory limitations apply to litigants other than minors. (*Williams* v. *Los Angeles Met. Transit Authority,* 68 Cal.2d 599 [68 Cal Rptr. 297, 440 P.2d 497].)[5]

Let a writ of mandate issue commanding the Superior Court for Los Angeles County to vacate its order of December 4, 1967, in action numer 907287, entitled Peters v. City of Los Angeles, and to take such further action therein as is consistent with this opinion.

Herndon, Acting P. J., concurred.

---

[4]In this connection it should be noted that plaintiffs' attorney waited until the next to the last day before the running of the statute of limitations on March 30, 1967, before attempting to file the complaint, and that there is no explanation of his failure to return on March 30, which was a Thursday, with the complaint and the petition for the appointment of a guardian ad litem, in order to protect his clients' interests by filing the complaint on time.

[5]Since the complaint was not filed within six months after the claim of Abraham Peters was deemed denied by the defendant City of Los Angeles, it would appear that the second cause of action by which Abraham Peters seeks to recover damages to his automobile is barred by the applicable statute of limitations. (Gov. Code, § 945.6, subd. (a); *Rogers* v. *Board of Education,* 261 Cal.App.2d 355 [67 Cal.Rptr. 905].)