[Civ. No. 19108. Third Dist. Feb. 25, 1981.]

In re MICHAEL D., a Person Coming Under the Juvenile Court Law.
SHASTA COUNTY WELFARE DEPARTMENT,
Plaintiff and Respondent, v.
JOHN D., Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Judith W. Allen, Deputy State Public Defender, for Defendant and Appellant.

John Sullivan Kenny, County Counsel, David R. Frank, Karen Keating Jahr and Daniel N. Frink, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**BLEASE, J.**—John D. appeals an order issued September 21, 1979, making findings under Welfare and Institutions Code section 361.5,[1] nunc pro tunc, in support of an order issued June 26, 1978, depriving him of the custody of his three minor children. We affirm the order in part.

### FACTS

On June 5, 1978, the Shasta County Welfare Department filed three petitions alleging that John D.'s three minor children (Michael, Samuel and John) came within the provisions of section 300, subdivision (a).

The petition involving Michael alleged that he was in need of "proper and effective parental care" because the "father is incarcerated in the Shasta County Jail, charged with armed robbery, and on 6/2/78, the mother came into the Shasta County Welfare Department and requested the minor be placed in foster home, as the mother and minor were living in a truck, mother is going to leave Shasta County and did not want the care and control of the minor. Services were offered of voluntary foster home placement, with mother staying in Shasta County, counseling on a weekly basis for return home of minor and mother refused these services."

On June 19, 1978, a hearing was held and upon the stipulation of John D., represented by counsel, the court found that John D. "is presently incarcerated and as to each [of his children] the petition is sustained as to 300a [*sic*] only."[2]

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2]Section 300, subdivision (a), states: "Any person under the age of 18 years who comes within any of the following descriptions is within the jurisdiction of the juvenile court which may adjudge such person to be a dependent child of the court: [¶] (a) Who is in need of proper and effective parental care or control and has no parent or guardian, or has no parent or guardian willing to exercise or capable of exercising such care or control, or has no parent or guardian actually exercising such care or control." (Added by Stats. 1976, ch. 1068, § 6, p. 4759.)

On June 26, 1978, the court issued an order declaring each of the three minors a dependent ward of the court and placing them in the custody of the Shasta County Welfare Department. Subsequently, they were placed in foster homes.

Semiannual review hearings were conducted in 1978 and 1979, at which the court was informed that John D. was incarcerated at the California Men's Colony in San Luis Obispo. The minors were continued as dependent children of the court and licensed foster home placement was maintained.

During the June 15, 1979, hearing, the court ordered the welfare department to investigate means of obtaining a stable and permanent environment for Michael pursuant to section 366.5, which provides an expedited procedure for termination of the parent-child relationship under Civil Code section 232.1.

At some point, the welfare department discovered that a section 366.5 proceeding required a prior finding pursuant to section 361.5.

On September 7, 1979, the court joined Samuel D. and John D. in the proceedings for the purpose of making findings required by section 361.5. The matter was continued to September 21, 1979.

At the hearing on September 21, 1979, at which John D. was represented by counsel, the court made findings and an order as follows: "THE COURT FINDS that because Mr. [D.] was incarcerated at the time of the hearing on June 26, 1978 and has been sentenced to state prison on a felony and that his record shows numerous crimes and there are psychological reports on file in the criminal file number 60310, and the court takes judicial notice of same, that an order should have been made on June 26, 1978 that there is a substantial danger to the physical health of the minors and there are no reasonable means acceptable to the minors' parents by which the minors' physical health may be protected without removing the minors from their parents' physical custody. [¶] THE COURT FINDS there was ample evidence before it on June 26, 1978 to make the findings and *makes this order nunc pro tunc.*" (Italics added.)

■ John D. challenges the validity of the nunc pro tunc order insofar as it provides retroactive support for initiation of proceedings to terminate his parental rights. He does not challenge the validity of the order to support the removal of his children from his physical custody. We affirm the order on the latter ground.

DISCUSSION

I

The Shasta County Welfare Department seeks to lay the groundwork for termination of John D.'s parental rights by use of the provisions of section 366.5, applicable to demonstration counties. Section 366.5,[3] provides that the juvenile court shall initiate proceedings (subd. (c)) to terminate the parent-child relationship "pursuant to section 232.1 of the Civil Code" (subd. (e)) "in the case of any . . . minor [over 2 and under 14] *who has been taken from the physical custody of his parents . . . under paragraph (1), (2) or (3) of subdivision (b) of section 361.5 and has remained out of their physical custody for 18 consecutive months . . . .*" (Italics added.) (Subd. c.)

---

[3]Section 366.5 provides in relevant part: "(a) In order to provide minors described in this section with a stable and permanent environment, the juvenile court of a demonstration county shall follow the procedure set forth in subdivision (d).

". . . . . . . . . . . . . . . . . . .

"(c) The juvenile court of a demonstration county shall commence proceedings under subdivision (d) in the case of any other minor who has been taken from the physical custody of his parents or guardians under paragraph (1), (2), or (3) of subdivision (b) of section 361.5 and has remained out of their physical custody for 18 consecutive months, including for these purposes the time, if any, that the minor has remained out of their physical custody pursuant to a voluntary placement under Chapter 5.5 (commencing with Section 16550) of Part 4 of Division 9.

"Physical custody of the minor by the parents or guardians for insubstantial periods of time during the 18-month period will not serve to interrupt the running of such period.

"(d) For any minor that the juvenile court of a demonstration county finds to be a person described in either subdivision (b) or (c), the court shall order the appropriate department to investigate how the minor might be provided with a stable and permanent environment as required by subdivision (e). The department shall report its findings and make a recommendation to the court at a hearing that shall take place no more than 45 days from the date of the court's findings under subdivision (b) or (c), unless when the court makes its findings under subdivision (b) or (c), it finds that there is a substantial probability the minor will be returned to the physical custody of his parents or guardians within six months, in which case the hearing shall take place not more than six months from the date of the court's findings. The department and court shall give due consideration to the foster parents, if any, of the minor in considering adoption, guardianship or stable long-term foster care placement. The court shall notify

The juvenile court failed to make a section 361.5[4] finding at the time of its June 26, 1978, custody order as required in demonstration counties. (§§ 360.5, 361.5.) However, John D. does not contest the custody order of June 26, 1978, and does not contest the nunc pro tunc order of

---

the minor's parents or guardians and foster parents of its order under this subdivision, and the date of the hearing under subdivision (e). Such notice shall be sent by registered mail no less than 15 days before the date of such hearing and shall include a copy of the findings of the investigating department.

"(e) At the hearing ordered under subdivision (d):

"(1) If the court finds that the minor is adoptable, the court shall order the county counsel, or if there is no county counsel, the district attorney, to initiate an action to declare the minor permanently free from the custody and control of his parents or guardians pursuant to Section 232.1 of the Civil Code unless the court finds that:

"(A) The parents or guardians have maintained a close family relationship with the minor through regular visitation and contact and the minor would benefit from a continued relationship with them; or

"(B) A minor 14 years of age or older objects to termination of parental rights;

"(C) The minor's foster parents are unable to adopt the minor because of exceptional circumstances, but are willing and capable of providing the minor with a stable and permanent environment and the removal of the minor from the physical custody of the foster parents would be seriously detrimental to the emotional well-being of the minor because the minor has substantial psychological ties to them.

"(2) If the court finds that the minor is not adoptable or the exceptions described in paragraph (1) of subdivision (e) apply, and the court finds that one or more adults are available and eligible to become legal guardians for the minor, the court shall order the department to facilitate the guardianship proceedings. The county counsel or, if there is no county counsel, the district attorney, may render assistance in such proceedings to the department. The court shall not make such an order if it finds that the minor's foster parents are unable to become guardians for the minor because of exceptional circumstances, but are willing and capable of providing the minor with a stable and permanent environment and the removal of the minor from the physical custody of his foster parents would be seriously detrimental to the emotional well-being of the minor because the minor has substantial psychological ties to them.

"The proceeding for the appointment of a guardian for a minor under this section shall be in the juvenile court, notwithstanding Section 1405 of the Probate Code. For such minors, the juvenile court shall have the power to appoint a guardian pursuant to the standards and procedures otherwise specified by the Probate Code.

"(3) If the court finds that the minor is not adoptable under paragraph (1) of subdivision (e) and that guardianship proceedings should not be initiated under paragraph (2) of subdivision (e), it shall order the department to facilitate the placement of the minor in an environment that can reasonably be expected to be stable and permanent. When the minor is in a foster home, and the foster parents are willing to provide and capable of providing a stable and permanent environment, the minor shall not be removed from this home if removal of the minor from the physical custody of his foster parents would be seriously detrimental to the emotional well-being of the minor because the minor has substantial psychological ties to them." (As amended by Stats. 1977, ch. 21, § 11, pp. 51-54, operative July 1, 1977.)

[4]Section 361.5 provides in relevant part: "(a) In a demonstration county, in all cases wherein a minor is adjudged a dependent child of the court, on the ground that he is a person described by Section 300 or 302, the court may limit the control to be exercised over such dependent by any parent or guardian and shall by its order clearly and spe-

September 21, 1979, insofar as it supplies the section 361.5 finding necessary for the removal of his children from his physical custody.[5] Rather, he attacks the effect of the nunc pro tunc order on the proceedings to terminate his residual rights as a parent.

Section 366.5 starts the (18-month) clock running for termination of the parent-child relationship under Civil Code section 232.1 from the date of removal of physical custody made pursuant to a section 361.5 finding. But the clock cannot be retroactively activated by a nunc pro tunc order.

At the time John D. made the stipulation authorizing a section 300, subdivision (a), determination, he was not informed of the consequences

---

cifically set forth all such limitations, but such limitations shall not exceed those necessary to protect the child.

"(b) No dependent child shall be taken from the physical custody of his parents or guardians unless upon the hearing the juvenile court of a demonstration county finds substantial evidence that:

"(1) There is a substantial danger to the physical health of the minor and there are no reasonable means acceptable to the minor's parents or guardians by which the minor's physical health may be protected without removing the minor from his parents' or guardians' physical custody; or

"(2) The parents or guardians of the minor are unwilling to have physical custody of the minor, there are no reasonable means acceptable to the parents or guardians which would enable the minor to be returned to their physical custody, and the parents or guardians have been notified that if the minor remains out of their physical custody for the period specified in Section 366.5, the minor may be declared permanently free from their custody and control under Section 232.1 of the Civil Code; or

"(3) The minor is suffering severe emotional damage indicated by extreme anxiety, depression, withdrawal, or untoward aggressive behavior against others and there are no reasonable means acceptable to the minor's parents or guardians by which the minor's emotional health may be protected without removing the minor from his parents' or guardians' physical custody.

"The court shall specify the factual grounds established to support these findings and enter such in the permanent records of the court." (As amended by Stats. 1977, ch. 21, § 7, pp. 48-49, operative July 1, 1977.)

[5]The juvenile court order of June 26, 1978, was based exclusively upon the court's determination, pursuant to section 300, subdivision (a), that by reason of John D.'s incarceration his children were "in need of proper and effective parental care...and has no parent...capable of exercising such care...."

Section 361.5, subdivision (b)(1), authorizes removal of physical custody from a parent where there is a "substantial danger to the physical health of the minor and there are no reasonable means [of protecting the minor's health] without [removal] from his parents'...physical custody...."

There is no doubt that John D.'s stipulation to the section 300, subdivision (a), determination would have been sufficient to justify a finding pursuant to section 361.5, subdivision (b)(1), for the incarceration of John D. left no one to care for his children, resulting in a substantial danger to his children's physical health justifying removal of custody.

which flow from a section 361.5 finding, for no such finding was put in issue. Notice was not required by statute.[6] But notice was constitutionally required to protect the parent-child relationship given constitutional status by the due process clause of the United States Constitution. (*Stanley* v. *Illinois* (1972) 405 U.S. 645 [31 L.Ed.2d 551, 92 S.Ct. 1208].)

■ "The fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked." (*Anderson Nat. Bank* v. *Luckett* (1944) 321 U.S. 233, 246 [88 L.Ed. 692, 705, 64 S.Ct. 599, 151 A.L.R. 824].) The notice must be adequate to protect the rights at stake. "Due process...requires that the parties be informed of the scope and purpose of any...proceeding such as will enable them to carry out their other [statutory and] due process rights." (*Fidelity & Cas. Co. of New York* v. *Workers' Comp. Appeals Bd.* (1980) 103 Cal.App.3d 1001, 1015 [163 Cal.Rptr. 339].)

■ We are concerned here with a statute which affects the timing of a termination proceeding and which, consequently, is of importance to one whose incapacity is time related by virtue of his incarceration.

■ Retroactive notice is no notice at all. We hold that a retroactive finding which deprives a parent of notice of the consequences of a section 361.5 finding violates due process of law.

## II

■ John D. also objects to the court's use at the September 21 hearing of the judicially noticed contents of his criminal file. Since John D.'s stipulation was enough to sustain the custody order, the evidence objected to was irrelevant and unnecessary to the court's determination. We note, however, the patent impropriety of considering evidence not presented at the prior hearing as evidentiary support for the entry of an order nunc pro tunc. ■ A nunc pro tunc order may not be made for

---

[6]Had the 361.5 finding been based upon subdivision (b)(2), notice would have emanated from the provision itself, for it requires that where the court finds that the parents are "*unwilling* to have physical custody...the parents [must be] notified that if the minor remains out of their physical custody for the period specified in Section 366.5, the minor may be declared permanently free from their custody and control under Section 232.1 of the Civil Code...." But John D. did not come within such provision because he was *unable*, not unwilling, to have physical custody of his children.

the purpose of declaring that something was done which was not done (*City of Los Angeles* v. *Superior Court* (1968) 264 Cal.App.2d 766, 771 [70 Cal.Rptr. 826]), and the original wardship and custody findings were made without reference to the information in John D.'s criminal file. We need not consider John D.'s additional objections to the admission of this evidence.

### III

The welfare department additionally misconceives the significance of the section 366.5 proceeding to this case for termination of the parent-child relationship. As pointed out above, a section 366.5 proceeding at best accelerates an action "pursuant to Section 232.1 of the Civil Code...." (§ 366.5, subd. (e)(1).)

But Civil Code section 232.1 mates with the procedures required by sections 361.5 and 366.5 only in subdivision (a)(8),[7] a subdivision which expressly does not apply to this case. It provides that "[t]his subdivision shall not apply to a parent or parents who have been convicted of a felony and thereby are unable to receive reasonable services designed to aid them to overcome the problems which originally led to the deprivation of physical custody." This provision is in keeping with a fundamental policy of the law applicable to demonstration counties that "appropriate services [shall be provided] to the parents...to facilitate the return of the minor." (Welf. & Inst. Code, § 272.5.)

---

[7]Civil Code section 232.1, subdivision (a)(8), .provides: "(a) An action may be brought in a demonstration county for the purpose of having any person under the age of 18 years declared free from the custody and control of either or both of his parents when such person comes within any of the following descriptions:

"(8) Who has been found to be a dependent child of the juvenile court, has been removed from the physical custody of his parent or parents pursuant to Section 361.5 or voluntarily placed pursuant to Chapter 5.5 (commencing with Section 16550) of Part 4 of Division 9 of the Welfare and Institutions Code, and where an action to terminate parental rights was initiated due to a court order pursuant to Section 366.5 of the Welfare and Institutions Code.

"At the termination proceeding, the person bringing the action shall show that on a continuous basis reasonable services have been provided to the parents, or were offered and refused by them, which were designed to aid the parents to overcome the problems which originally led to the deprivation of physical custody, the effectiveness, if any, of such services, and that despite the use of such services, the problems which originally led to the deprivation of physical custody are still present. Social workers or probation officers who provided such services shall appear, if available, at the termination proceedings.

"At the termination proceeding, the court may consider the wishes of the child. When the child is 14 years of age or older, the consent of the child shall be obtained in

There are other grounds in Civil Code section 232.1 for termination of the parent-child relationship· but none of them has been invoked in this case.

The nunc pro tunc order dated September 21, 1979, is affirmed insofar as it supports the custody order of June 26, 1978, and is otherwise invalid.

Reynoso, J., concurred.

Evans, Acting P. J., concurred in the result.

Petitions for a rehearing were denied March 17, 1981, and the opinion was modified to read as printed above.

---

order that there be a termination of parental rights.

"If the court sustains the petition and there is an order pursuant to this subdivision, the court shall specify the factual grounds established to support its findings and enter such in the permanent records of the court.

"An action may be brought under this subdivision if the child was declared a dependent child of the juvenile court on or after July 1, 1977, or was voluntarily placed by his parents pursuant to Chapter 5.5 (commencing with Section 16550) of Part 4 of Division 9 of the Welfare and Institutions Code on or after such date.

"This subdivision shall not apply to a parent or parents who have been convicted of a felony and thereby are unable to receive reasonable services designed to aid them to overcome the problems which originally led to the deprivation of physical custody." (Added by Stats. 1977, ch. 21, § 1, pp. 41, 43-44, operative July 1, 1977.)