[No. B119159. Second Dist., Div. Six. Nov. 3, 1998.]

SHANNON ROJAS, Plaintiff and Appellant, v.
CRAIG ELWIN CUTSFORTH, Defendant and Respondent.

## COUNSEL

Richard M. Lester and Randolph M. Hammock for Plaintiff and Appellant.

Barry Bartholomew & Associates, Linda Bergus and Deborah A. Levine for Defendant and Respondent.

## OPINION

**GILBERT, Acting P. J.**—Plaintiff mailed a complaint to the clerk for filing. The clerk returned the unfiled complaint by mail because a declaration for court assignment was not signed and the summons contained the address of the wrong branch of the court. In the meantime, the statute of limitations passed. The trial court denied plaintiff's request for a nunc pro tunc filing of the complaint and granted defendant summary judgment on the statute of limitations.

Plaintiff's counsel said, "If there is a case that needs to be reversed, it is this one." We agree and reverse.

## FACTS

On November 20, 1995, Shannon Rojas was injured in an automobile accident. She retained Attorney Stephen Corcoran to file an action on her behalf against the other driver, Craig Elwin Cutsforth. On November 5, 1996, Corcoran's office mailed a summons and complaint with a filing fee to the Clerk of the Ventura County Superior Court. Also enclosed was a "Declaration for Court Assignment," a form required by the local court rules.

The clerk's office received the documents on November 7, 1996. Instead of filing the documents, however, the clerk returned them by mail to Corcoran. Enclosed was a notice from the clerk informing Corcoran that the documents were being returned because the declaration for court assignment had not been signed and the summons did not reflect the address of the Simi Valley division of the court. Corcoran declared that he did not receive the clerk's notice of rejection until November 27, 1996. He filed the complaint on the next court day, December 2, 1996.

Because the one-year statute of limitations had passed, Corcoran petitioned the superior court for an order requiring the clerk to file the complaint as of November 7, 1996, or in the alternative, for relief from default under Code of Civil Procedure section 473. The trial court relied on *Hartford Accident & Indemnity Co.* v. *Gonzalez* (1994) 31 Cal.App.4th 51 [36 Cal.Rptr.2d 769], and denied the petition. Defendant Cutsforth obtained summary judgment on the ground that Rojas's action was barred by the statute of limitations.

## DISCUSSION

At the time the clerk rejected plaintiff's documents, Superior and Municipal Court of Ventura County Rules, rule 2.05(B), provided in pertinent part: "[T]rials shall be heard in the division of this court nearest the proper venue based upon the criteria set forth in the Declaration for Court Assignment form." There was no requirement as to when the form was to be filed.

It was not until 1997 that new rule 2.03(B) of the Superior and Municipal Court of Ventura County Rules added the language, "Plaintiff shall complete the Declaration for Court Assignment form which is to be filed with the first document."

In *Hartford Accident & Indemnity Co.* v. *Gonzalez, supra,* 31 Cal.App.4th 51, the clerk refused to file a complaint because plaintiff failed to provide a

"case information sheet," a document required by another Ventura County local rule. We determined the clerk properly rejected the complaint.

But in *Hartford* the plaintiff did not even attempt to comply with the local rule. It tendered no case information sheet at all. Here, in contrast, Rojas tendered a court assignment form. The only reason the clerk gave for rejecting the form was that it lacked a signature. *Hartford* provides no legal principle to support the denial of plaintiff's petition. Like trees, holdings survive only in a suitable environment. Just as palm trees do not thrive in Alaska, *Hartford* cannot take root here. (See *Harris* v. *Superior Court* (1992) 3 Cal.App.4th 661, 665-667 [4 Cal.Rptr.2d 564] ["*A short digression on the subject of what cases mean—obligations of the writer and the reader.*"].)

■ The purpose of the court assignment form is to aid the clerk in determining to which division the case should be assigned. The local rule in effect at the time did not even specify when the form was to be filed. It could have been filed at any time. It is difficult to see how the lack of a signature on this properly completed form could present any signficant impediment to the fulfillment of that purpose.

It is difficult enough to practice law without having the clerk's office as an adversary. Here, paltry nit-picking took the place of common sense and fairness.

Where, as here, the defect, if any, is insubstantial, the clerk should file the complaint and notify the attorney or party that the perceived defect should be corrected at the earliest opportunity. (See Code of Civil Procedure section 128.7, subdivision (a), providing in part that "[a]n unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.") That should create no more difficulty than returning all the documents with a notice pointing out the defects. To deny Rojas her cause of action for lack of a signature makes a mockery of judicial administration.

The second defect pointed out in the clerk's notice is that the summons did not reflect the address of the Simi Valley division of the court. Cutsforth cites no authority, however, in support of the proposition that the clerk may refuse to file the complaint if the summons contains the address of the wrong division.

The functions of the clerk are purely ministerial. (See 2 Witkin, Cal. Procedure (4th ed. 1996) Courts, § 370, pp. 442-444.) The clerk has no discretion to reject a complaint that substantially conforms to the local rules.

(See *Dillon* v. *Superior Court* (1914) 24 Cal.App. 760, 765-766 [142 P. 503] [When a proper offer of filing has been made by a party, the party shall not suffer for the failure of the clerk to perform his duty.].)

The only question remaining is what remedy is appropriate. Cutsforth cites *City of Los Angeles* v. *Superior Court* (1968) 264 Cal.App.2d 766, 771 [70 Cal.Rptr. 826], for the proposition that the court has no authority to issue a nunc pro tunc order declaring that something was done when in fact it was not done. He claims the only purpose for such an order is to cause the record to show something was in fact done, but not at the time entered into the record. (*Ibid.*)

But a paper is deemed filed when it is deposited with the clerk with directions to file the paper. (*Dillon* v. *Superior Court, supra,* 24 Cal.App. 760, 765.) Because here the clerk had no proper basis for rejecting Rojas's complaint, it must be deemed filed when it was presented on November 7, 1996.

The judgment is reversed with instructions to deem the complaint filed on November 7, 1996. Costs on appeal are awarded to appellant.

Yegan, J., and Coffee, J., concurred.