[No. H037034. Sixth Dist. Dec. 14, 2011.]

EDWARD VOIT, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
JULIE MONTANO et al., Real Parties in Interest.

**COUNSEL**

Edward Voit, in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Parties in Interest.

**OPINION**

**PREMO, J.**—Petitioner Edward Voit is being sued in respondent Santa Clara County Superior Court by real parties in interest Julie Montano, minor Jane Doe, and minor John Doe. Voit sent to respondent court for filing an "Exparte Motion for Request for the Appointment of Counsel for Defendant" (*sic*) asking the court to appoint counsel to represent him in the civil case because he is incarcerated and indigent. The court clerk's office rejected the filing on the ground that Voit had not enclosed a filing fee and returned the document to Voit with a fee waiver form.

It appears that Voit refiled with the completed waiver form, as he received from the clerk's office a second civil filing rejection letter that stated in relevant part, "Hearing date must be reserved prior to filing motions. However, the civil court does not appoint counsel."

Voit sent a letter asking the clerk's office to reserve a date to hear his motion. The clerk's office returned Voit's letter with a civil filing rejection letter that read in relevant part, "The Court does not set a hearing for Request for the Appointment of Counsel on a Civil matter. You need to find a Counsel on your own to represent you." (*Sic.*)

Voit sent another letter to the clerk's office in which he wrote in part, "There is a [precedent] set that inmates suffering from mental disabilities can be assigned counsel by the court in a civil matter. This motion must be filed so that the judge can rule on that [precedent]'s impact in this case." The clerk's office sent Voit yet another civil filing rejection letter, stating, in relevant part, "The court does not assigned counsels for civil matters; please cite or quote the precedent for further consideration." (*Sic.*)

After receiving this last civil filing rejection letter, Voit applied to this court for a writ of mandate directing respondent court to both file his motion and grant his request for appointment of counsel. We issued a *Palma* notice (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 [203 Cal.Rptr. 626, 681 P.2d 893]) to advise the parties that we were considering issuing a peremptory writ of mandate in the first instance compelling respondent court to file Voit's motion, though we expressly declined to express any opinion on the merits of that motion. We also stayed proceedings in the case against Voit and invited the parties to submit a brief in opposition to the petition and a reply, but no briefs were filed.

■ The actions of the court clerk's office are quite troubling. "It is difficult enough to practice law without having the clerk's office as an adversary." (*Rojas v. Cutsforth* (1998) 67 Cal.App.4th 774, 777 [79 Cal.Rptr.2d 292] (*Rojas*).) Whether Voit's motion has legal merit is a determination to be made by a judge, not the clerk's office. No statute, rule of court, or case law gives the court clerk's office the authority to demand that a petitioner cite or quote precedent before his motion will be filed.

■ If a document is presented to the clerk's office for filing in a form that complies with the rules of court, the clerk's office has a ministerial duty to file it. (See *Carlson v. Department of Fish & Game* (1998) 68 Cal.App.4th 1268, 1276 [80 Cal.Rptr.2d 601].) Even if the document contains defects, the clerk's office should file it and notify the party that the defect should be corrected. (See *Rojas, supra*, 67 Cal.App.4th at p. 777.) Moreover, there

actually is precedent allowing courts to appoint counsel for indigent inmates facing civil suits. (See *Payne v. Superior Court* (1976) 17 Cal.3d 908 [132 Cal.Rptr. 405, 553 P.2d 565].) By unilaterally refusing to file Voit's motion, the clerk's office prevented the court from applying this precedent, or any other relevant law, to Voit's particular circumstances. The clerk's office's actions violated Voit's rights under both the federal and state Constitutions to access to the courts. (U.S. Const., 1st Amend.; Cal. Const., art. I, § 3.)

## Disposition

Let a peremptory writ of mandate issue directing respondent court to file Voit's motion for appointment of counsel and rule on the merits of that motion. The temporary stay order issued on July 14, 2011, shall remain in effect until finality of this opinion. This opinion is made final as to this court seven days from the date of filing. (Cal. Rules of Court, rule 8.490(b)(3).) Each party shall bear its own costs, if any.

Rushing, P. J., and Elia, J., concurred.