Filed 4/29/15  Kosovskiy v. E*Trade Bank CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)


| | |
|---|---|
| IVAN KOSOVSKIY,<br><br>  Plaintiff and Appellant,<br><br> v.<br><br>E*TRADE BANK et al.,<br><br>  Defendants and Respondents. | C073774<br><br>(Super. Ct. No. S-CV-0031295) |


Plaintiff Ivan Kosovskiy, in pro. per. both here and in the trial court, appeals from a judgment dismissing the instant action with prejudice for failure to timely file a first amended complaint (FAC) after a demurrer to the original complaint was sustained with leave to amend.  (Code Civ. Proc., § 581, subd. (f)(2).)[1]  Plaintiff claims he caused the FAC to be deposited in the trial court's drop box on November 9, 2012 (the last day allowed by the trial court for filing), and the clerk of the court improperly rejected it based on minor defects in its form.  Under such circumstances, he contends the complaint

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

1

should be deemed to have been filed on the date it was deposited in the drop box, and therefore, the trial court abused its discretion in entering the judgment of dismissal.

We shall conclude that the clerk properly rejected the FAC for failing to comply with California Rules of Court, rule 2.100 et seq., and that the trial court acted within its discretion in dismissing the action based on plaintiff's failure to timely file a FAC. We shall therefore affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff sued defendants E*Trade Bank (E*Trade), Bayview Loan Servicing, LLC (Bayview), and Asset Foreclosure Services for cancellation of instruments and slander of title. On October 16, 2012, the trial court sustained a demurrer to plaintiff's original complaint with leave to amend, finding the complaint failed to state facts sufficient to constitute a cause of action. Plaintiff was given until November 9, 2012, to file an amended complaint.

Plaintiff caused a FAC to be deposited in the trial court's drop box on November 9, 2012. According to a November 16, 2012, "Memo re: Return/Rejection of Documents" contained in the trial court's file, the clerk of the court rejected the FAC and "loose documents" because the "documents are not in proper form for filing." The memo further advised that "[t]he clerk is prohibited from assembling your exhibits to your pleading. ACCO properly & resubmit. (Do not stamp in filing area.)"[2] Plaintiff did not include a self-addressed stamped envelope with the FAC. The documents deposited by plaintiff and the rejection memo apparently were placed in the attorney document pickup

---

[2] Plaintiff represents that he did not become aware of this memo until April 15, 2013, after judgment had been entered, when he was searching the file for the missing FAC.

box in the clerk's office and discarded approximately 30 days later in accordance with Superior Court of Placer County, Local Rules, rule 10.9(N).[3]

E*Trade and Bayview were served with a FAC on November 9, 2012. They demurred to the FAC, and on March 4, 2013, the trial court issued its tentative ruling indicating that the demurrer had been "dropped as moot." The court explained: "After reviewing the court file, it is noted that there is no FAC that has been filed with the court. The court cannot make rulings based upon a pleading that does not appear in the clerk's file." The following day, at the hearing on the demurrer, the trial court continued the matter to March 19, 2013, and directed plaintiff to deliver a file-endorsed copy of the FAC to the clerk's office by March 14, 2013. In the event plaintiff failed to deliver a file-endorsed copy as directed, the court ruled that there would be no hearing, and the action would be dismissed upon defendants' request.

Plaintiff failed to deliver a file-endorsed copy of the FAC as directed. Instead, on March 5, 2013, he deposited "another . . . FAC" in the court's drop box. This document was not file-endorsed and contained original signatures. Thereafter, on March 14, 2013, he filed a declaration "regarding filing [of] first amended complaint," in which the declarant, Liliya Walsh,[4] stated that she deposited the FAC in the court's drop box on November 9, 2012. She explained that while she "generally" tries to have a copy of the

---

[3] At all times relevant herein, Superior Court of Placer County, Local Rules, rule 10.9(N) provided: "All persons submitting documents for filing are expected to provide the clerk with a self-addressed, postage paid envelope for the return of conformed or endorsed copies if the return of copies is requested. Documents not accompanied by a postage-paid envelope will be placed in the attorney's document pickup box located in the clerk's office. Documents placed in the pickup box are expected to be claimed within thirty (30) days of being placed therein. All documents remaining unclaimed in excess of thirty (30) days will be deemed to have been abandoned and will be discarded by the clerk without notice."

[4] Walsh is plaintiff's daughter.

documents she files with the court "stamped," she does not always do so. Having searched her files, she was unable to find "a stamped copy" of the FAC. She was unaware that the FAC was "missing from the file" until the court issued its tentative ruling on March 4, 2013, and "delivered another copy of FAC to the court on March 5, 2013."

The document deposited in the trial court's drop box on March 5, 2013, is not a copy of the FAC served on E*Trade and Bayview. That document is undated and unsigned, while the document deposited on March 5, 2013, is signed and dated November 6, 2012, three days *before* it was served on defendants. In addition, the pagination does not match, and the document served on defendants contains plaintiff's phone number in the caption, while the document deposited with the court on March 5, 2013, does not.

On March 19, 2013, the trial court "dropped" the demurrer as moot, noting that as of the date of its ruling, plaintiff had delivered "only a copy of the FAC which is not file-endorsed." The court dismissed the action "upon defendants' request," and instructed E*Trade and Bayview to submit a judgment of dismissal. Judgment of dismissal was entered on March 21, 2013. Notice of entry of judgment was filed on April 5, 2013.

Thereafter, on April 16, 2013, plaintiff moved for reconsideration "regarding judgment of dismissal with prejudice." The trial court declined to rule on the motion, finding it lacked jurisdiction to reconsider its ruling following entry of judgment.[5]

---

[5] Plaintiff purports to appeal from the order denying his motion for reconsideration and awarding defendants attorney fees but failed to identify that order in his notice of appeal. Accordingly, we are precluded from addressing issues related to the order. (*In re Shaun R.* 188 Cal.App.4th 1129, 1138; California Rules of Court, rule 8.405(a)(3).) Even if he had included the order in his notice of appeal, he presented no argument and has cited no authority; therefore, he waived any issues related thereto on appeal. (*Troensegaard v. Silvercrest Industries, Inc.* (1985) 175 Cal.App.3d 218, 228 [error waived because no argument, citation to authorities, or references to record].) Moreover, an order denying a

DISCUSSION

Plaintiff contends that the trial court erred in determining the FAC was untimely and dismissing the action on that basis. More particularly, he claims that the clerk's rejection "did not conform with California Rules of Court" in that it was predicated on plaintiff's failure to use a " 'court-approved' " fastener, and the rules do not specify any particular type of fastener. Accordingly, he asserts that the FAC should be deemed to have been timely filed on November 6, 2012, when it was deposited in the court's drop box.[6] We are not persuaded.

Section 581, subdivision (f)(2) "gives the defendant the right to obtain a court order dismissing the action with prejudice once the court sustains a demurrer with leave to amend and the plaintiff has not amended within the time given." (*Parsons v. Umansky* (1994) 28 Cal.App.4th 867, 870; see also *Cano v. Glover* (2006) 143 Cal.App.4th 326, 330.) "The decision to dismiss an action under section 581, subdivision (f)(2) rests in the sound discretion of the trial court and a reviewing court will not disturb the ruling unless the trial court has abused its discretion. [Citation.] It is appellant's burden to establish an abuse of discretion. [Citation.]" (*Gitmed v. General Motors Corp.* (1994) 26 Cal.App.4th 824, 827.)

"[A] paper is deemed filed when it is presented to the clerk for filing in a form that complies with [California Rules of Court, rule 2.100 *et seq*.],"[7] (*Carlson v. Department of*

---

motion for reconsideration is not appealable. (See, e.g., *Reese v. Wal-Mart Stores, Inc.* (1999) 73 Cal.App.4th 1225, 1242; *Branner v. Regents of University of California* (2009) 175 Cal.App.4th 1043, 1050.) To the extent plaintiff relies on documents presented in conjunction with his motion for reconsideration in support of his appeal, we cannot consider them as they were not before the court when it issued its order dismissing the FAC. (*Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184, fn. 1.)

[6] Plaintiff does not seek review of the order sustaining the demurrer to the original complaint.

[7] Further undesignated references to rules herein are to the California Rules of Court.

*Fish & Game* (1998) 68 Cal.App.4th 1268, 1270, 1276) which "prescribe the form and format of papers to be filed in the trial courts." (Rule 2.100(b).) However, "[t]he clerk of the court must *not* accept for filing or file any papers that do not comply with . . . [Rule 2.100 et seq.] . . . ." (Rule 2.118(a), italics added.)

Here, the record reflects that the FAC was rejected because the exhibits were loose and not attached to the FAC. Rule 2.113, which covers "Binding," states: "Each paper must consist entirely of original pages without riders and must be firmly bound together at the top." If the exhibits were not attached to the FAC, as the rejection memo indicates, the clerk was justified in rejecting the FAC. (Rule 2.118(a).)

In his opening brief, plaintiff asserts, without any citation to the record, that the FAC "was deposited, in original form with exhibits attached, bound at the top with a binder clip." Statements in briefs are not evidence. (See *In re Zeth S.* (2003) 31 Cal.4th 396, 413, fn. 11.)[8] Moreover, the documents deposited in the court's drop box on November 9, 2012, were apparently placed in the attorney document pickup box in the clerk's office and discarded approximately 30 days later, and thus, no longer exist. In addition, the "copy" of the FAC submitted by plaintiff in response to the trial court's March 5, 2013, ruling does not match the FAC served on E*Trade and Bayview, and thus, is not a reliable indicator of what was deposited with the court on November 9, 2012. Absent a reliable indicator of what was deposited with the trial court on November 9, 2012, we are unable to determine whether plaintiff's FAC and accompanying documents were improperly bound as the clerk determined. Accordingly, we must

---

[8] At oral argument defendants' counsel suggested that plaintiff's daughter Liliya Walsh submitted a declaration in support of the motion for reconsideration in which she represented that the documents were bound when she placed them in the court's drop box. As previously discussed (*ante,* fn. 6), we are precluded from considering Walsh's declaration. However, having reviewed the declaration, we pause to note that it contains no such representation.

6

assume that the clerk's determination was correct and the rejection of the FAC proper. (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549 [An appellant "bears the burden to provide a record on appeal which affirmatively shows that there was an error below, and any uncertainty in the record must be resolved against the [appellant]."]; see also *State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610 [same].)[9]

Having concluded that the trial court properly rejected the FAC, we find that the trial court acted within its discretion in dismissing the action based on plaintiff's failure to timely file a FAC.

*Rojas v. Cutsforth* (1998) 67 Cal.App.4th 774 (*Rojas*), cited by plaintiff, does not dictate a contrary result. In *Rojas*, the plaintiff mailed a complaint to the clerk for filing, and the clerk returned it because a "declaration for court assignment" required by local rule was not signed by the attorney and the summons had the address of the wrong branch of the court. (*Id.* at pp. 775-776.) In the meantime, the statute of limitations passed. (*Id.* at p. 775.) The trial court denied the plaintiff's request for an order requiring the clerk to file the complaint as of the date it was received. (*Id.* at p. 776.) The Court of Appeal reversed, with instructions to deem the complaint filed on the date it was received. (*Id.* at p. 778.) With respect to the declaration for court assignment, the court observed that "[t]he local rule in effect at the time did not even specify when the form was to be filed. It could have been filed at any time. It is difficult to see how the lack of a signature on this properly completed form could present any significant impediment to the fulfillment of that purpose." (*Id.* at p. 777.) Accordingly, the court held, "Where, as here, the defect, if any, is insubstantial, the clerk should file the complaint and notify the attorney or party

_____

[9] As plaintiff correctly notes, a trial court may permit the filing of papers that do not comply with the rules upon a showing of good cause (rule 2.118(c)); plaintiff, however, did not attempt to establish good cause below, and in any event, could not have done so in a timely manner having deposited the FAC in the court's drop box on the last day the court deemed it could be filed.

that the perceived defect should be corrected at the earliest opportunity." (*Ibid.*) As for the defect in the summons, the court observed that the defendant "cites no authority . . . in support of the proposition that the clerk may refuse to file the complaint if the summons contains the address of the wrong division" and held that "[t]he clerk has no discretion to reject a complaint that substantially conforms to the local rules." (*Ibid.*)

*Rojas*, unlike the present case, did not involve a failure to comply with the California Rules of Court, and thus, rule 2.118(a), was not a factor.[10] As previously discussed, rule 2.118 directs that the clerk "must not accept for filing or file any papers that *do not comply* with the rules in this chapter," including rule 2.113, which covers binding. (Rule 2.118(a), italics added.) Rule 2.118 makes no mention of papers that "substantially" comply with the rules; it states only that "the court may permit the filing of papers that do not comply" upon a showing of good cause. Here, plaintiff made no attempt to establish good cause below. (Rule 2.118(c).)

To the extent plaintiff contends that the trial court erred in failing to mail him a copy of the rejection memo, plaintiff fails to cite to any authority that supports a finding that a trial court has any such duty where, as here, a party deposits papers in the trial court's drop box and fails to include a self-addressed stamped envelope. In any event, any potential error by the trial court here was harmless because plaintiff deposited the FAC in the trial court's drop box on the last day the trial court ordered that it could be filed. Thus, even if the court had mailed him the memo, he would have been unable to rectify the issue before the time for filing the FAC expired.

---

[10] Rule 2.118 was adopted and became effective in 2007. In 1996, when the clerk rejected the complaint in *Rojas,* rule 2.118's predecessor, rule 201(i), stated: "The clerk of the court shall not accept for filing or file any papers which do not comply with this rule, but for good cause shown the court may permit the filing of papers which do not comply."

8

On this record, we cannot conclude that the trial court abused its discretion in dismissing plaintiff's action.[11]

DISPOSITION

The judgment is affirmed. Defendants are entitled to their costs on appeal.[12] (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

        BLEASE        , Acting P. J.

We concur:

        HULL        , J.

        MAURO        , J.

---

[11] We are mindful that plaintiff has represented himself throughout his litigation; however, this entitled him to no special consideration or exemption from the California Rules of Court or Code of Civil Procedure. (See, e.g., *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543; *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284.)

[12] At oral argument, plaintiff claimed that his appeal also encompassed the trial court's order sustaining the demurrer to his original complaint and argued the demurrer should have been overruled. This argument is not set forth in plaintiff's briefs on appeal. To the contrary, plaintiff argues that "he could plead around the *fatal defects* in his earlier pleadings." (Italics added.)