Filed 12/1/21  Hill v. Fay Servicing CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JOHN HILL,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>FAY SERVICING, LLC,<br><br>    Defendant and Respondent. | B302672<br><br>Los Angeles County<br>Super. Ct. No. 19TRCV00317 |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Ramona G. See, Judge.  Affirmed.

John Hill, in pro. per.; Yesk Law and Michael Yesk for Plaintiff and Appellant.

Wright, Finlay & Zak and Jonathan D. Fink, for Defendant and Respondent.

John Hill filed a complaint against Fay Servicing, LLC (Fay), alleging it demanded repayment of a loan and initiated foreclosure on his property without authority. The trial court sustained Fay's demurrer without leave to amend after finding Hill failed to allege any facts showing Fay lacked the requisite authority. Hill appealed, and we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Consistent with the applicable standard of review, we draw our statement of facts from the allegations in Hill's complaint and matters properly subject to judicial notice. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) "[W]e treat as true all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law." (*Freeman v. San Diego Assn. of Realtors* (1999) 77 Cal.App.4th 171, 178, fn. 3.)

In 2006, Hill executed a promissory note (the Note) in connection with a $920,000 loan. The Note was secured by a deed of trust encumbering his property (the Deed of Trust). Hill defaulted on the loan in 2008.

In 2014, Bank of America executed an assignment of deed of trust, purporting to "grant, sell, assign, transfer and convey unto" Ventures Trust[1] "all beneficial interest under [the 2006] Deed of Trust . . . together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust."

In August 2016, the Law Offices of Les Zieve recorded a notice of default and election to sell under deed of trust.

_____

[1] Ventures Trust's full name is Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC.

Fay became the servicer on Hill's loan in March 2017. Sometime later, Fay informed Hill he owed more than $800,000 in overdue payments and attorney fees. In February 2019, the Law Offices of Les Zieve recorded a notice of trustee's sale.

Hill filed a complaint against Fay in April 2019. In the operative first amended complaint (FAC), Hill alleged the 2014 assignment of the Deed of Trust to Ventures Trust is void because there was no corresponding assignment of the Note. As a result, he alleged, Fay did not represent the true holder of the Note and beneficiary under the Deed of Trust, meaning it lacked authority to demand payment on the loan and initiate foreclosure of his property.[2]

Based on the above allegations, Hill asserted causes of action for violations of the Rosenthal Fair Debt Collection Practices Act (Civ. Code, § 1788 et seq.; the Rosenthal Act), various provisions of the Homeowner Bill of Rights (Civ. Code, §§ 2924.17, 2924, subd. (a)(6); HBOR), and the Unfair Competition Law (Bus. & Prof. Code, § 17200; UCL). In relief, he sought damages, an injunction requiring Fay to remove any instrument that could cloud title, and a declaration that Fay lacks any legally cognizable rights to the property or debt. Hill attached the assignment of the Deed of Trust and several other documents to the FAC.

Fay filed a demurrer to the FAC on the basis that it failed to state sufficient facts to support any cause of action. Among other things, Fay argued the entire FAC constituted an improper

---

[2] Hill alleged the Law Offices of Les Zieve was acting as Fay's agent when it recorded the notice of default and notice of trustee's sale.

3

challenge to its authority to foreclose the property, and Hill failed to allege sufficient facts showing the assignment of the Deed of Trust is void. Fay alternatively argued it is not a debt collector and its actions did not amount to debt collection for purposes of the Rosenthal Act. In support of its demurrer, Fay requested the court take judicial notice of the Deed of Trust, the assignment of the Deed of Trust, and the two foreclosure notices referenced in the FAC.

In opposition to the demurrer, Hill maintained Fay qualified as a debt collector under the Rosenthal Act, and the nonjudicial foreclosure constituted an attempt to collect a debt. Hill further asserted the assignment of the Deed of Trust is void because it was executed by his former mortgage servicer (Bank of America) rather than the beneficiary of his debt obligation. Hill opposed Fay's request for judicial notice on the basis that the contents of the documents were disputed and constituted inadmissible hearsay.

The court granted Fay's request for judicial notice and sustained the demurrer without leave to amend. On the first cause of action—for violations of the Rosenthal Act—the court determined Fay, as a mortgage servicer, could qualify as a debt collector. Nonetheless, it concluded Hill failed to allege "facts demonstrating a violation under the [Rosenthal] Act. Instead, the alleged violation simply consists of [Hill's] conclusory and unsupported opinion that [Fay] lacked authority to pursue payment for the debt, and, then, lacked authority to ultimately foreclose."

On the second cause of action—for violations of the HBOR —the court found Hill's claims were based on "the fundamentally flawed conclusory allegations that Defendant lacked the

4

authority to foreclose, . . . and [Hill] is not entitled to injunctive relief under Section 2924(a)(6)."

Finally, on the third cause of action—for violations of the UCL—the court found Hill failed to "allege facts . . . show[ing] a causal link between his economic injury and [Fay's] alleged wrongful acts." The court also noted that where the underlying claims are deficient, an unfair competition claim also fails.

The court entered judgment of dismissal. Hill appealed.

## DISCUSSION

### 1. *Hill's Notice of Appeal is Timely*

Fay urges us to dismiss the appeal because Hill failed to file a timely notice of appeal. Generally, a party must file a notice of appeal within 60 days after being served with the notice of entry of judgment. (Cal. Rules of Court, rule 8.104(a)(1)(A).) Failure to do so deprives the reviewing court of jurisdiction to hear the appeal. (*Ventura Coastal, LLC v. Occupational Safety & Health Appeals Bd.* (2020) 58 Cal.App.5th 1, 36.)

Hill was served the notice of entry of judgment on September 25, 2019, making November 25, 2019 the deadline to file a notice of appeal. The notice of appeal in the record indicates the superior court clerk filed it on November 26, 2019, a day after the deadline. As such, it would appear to be untimely.

However, according to a document entitled Notice of Court Rejection of Electronic Filing, on November 22, 2019 (several days before the deadline), Hill electronically submitted a notice of appeal, a request to waive court fees, and an order on court fee waiver.[3] The superior court clerk rejected the documents for the

---

[3]    We requested the parties submit supplemental briefing addressing the significance of the Notice of Court Rejection of Electronic Filing.

5

following reason:  "You are submitting a Fee Waiver Request, so you cannot select that you already have a Fee Waiver.  Do not check that box when re-submitting."  The notice of rejection was generated on November 26, 2019.  It appears Hill resubmitted the notice of appeal later that day, which the clerk then filed.

A clerk has a ministerial duty to file a document presented to it, so long as the document is in a form that complies with the rules of court.  (*Voit v. Superior Court* (2011) 201 Cal.App.4th 1285, 1287; see *Carlson v. Department of Fish & Game* (1998) 68 Cal.App.4th 1268, 1270, 1276.)  Even if the filing has a defect, "the clerk's office should file it and notify the party that the defect should be corrected."  (*Voit,* at p. 1287.)  Moreover, under rule 8.100(b)(3) of the California Rules of Court (Rule 8.100(b)(3)), a clerk must file a notice of appeal "even if the appellant does not present the filing fee, the deposit, or an application for, or order granting, a waiver of fees and costs."

Here, the clerk rejected Hill's notice of appeal because he checked a wrong box when submitting his fee waiver request.  There is nothing in the Code of Civil Procedure, California Rules of Court, or the Los Angeles County Superior Court Local Rules that would permit the clerk to reject a notice of appeal for this reason.  The clerk, therefore, had a ministerial duty to file the notice upon receipt.  Further, by rejecting the notice essentially because of a technical defect with the fee waiver request, the clerk also violated Rule 8.100(b)(3).[4]

---

[4]    Fay contends the clerk did not violate Rule 8.100(b)(3) because it rejected the filing due to a problem with Hill's fee waiver request, rather than his failure to present a fee waiver request.  This is a distinction without a difference.  Indeed, it would be nonsensical to conclude a clerk must file a notice

6

Because the clerk was required to file the notice of appeal on November 22, 2019, we may deem it filed on that date. (See *Eliceche v. Federal Land Bank Assn.* (2002) 103 Cal.App.4th 1349, 1361 ["A document is 'filed' when it is actually delivered to the clerk of the court during office hours, even if the clerk erroneously refuses to file it."]; *Lezama-Carino v. Miller* (2007) 149 Cal.App.4th 55, 59 [deeming notice of appeal timely filed where clerk refused to file it without an approved fee waiver]; *Rapp v. Golden Eagle Ins. Co.* (1994) 24 Cal.App.4th 1167, 1172 [deeming notice of appeal timely filed where clerk refused to file it without the full filing fee]; *Pangilinan v. Palisoc* (2014) 227 Cal.App.4th 765, 770 [same].) The notice of appeal, therefore, is timely.[5]

## 2. *Standard of Review*

"When the trial court sustains a demurrer, we review the complaint de novo to determine whether it alleges facts stating a cause of action on any possible legal theory. [Citation.] ' " 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.' " [Citations.]' [Citation.] 'Further, "we give the complaint a reasonable interpretation, reading it as a whole and its parts in

---

of appeal without any fee waiver request, but may reject a notice if accompanied by a fee waiver request that is defective.

[5] The actual notice of appeal Hill submitted on November 22 is not in the record on appeal, so we cannot confirm its contents or whether it identified the particular judgment being appealed. Nonetheless, given the notice of appeal in the record is dated November 19, we infer it is the same document Hill attempted to file on November 22.

7

their context." [Citations.]' " (*Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1490.)

"When a demurrer is sustained without leave to amend, we also must decide whether there is a reasonable possibility that the defect can be cured by amendment." (*Koszdin v. State Comp. Ins. Fund* (2010) 186 Cal.App.4th 480, 487.) "The plaintiff bears the burden of proving there is a reasonable possibility of amendment. [Citation.] . . . [¶] To satisfy that burden on appeal, a plaintiff 'must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading.' [Citation.] The assertion of an abstract right to amend does not satisfy this burden. [Citation.] The plaintiff must clearly and specifically set forth the 'applicable substantive law' [citation] and the legal basis for amendment, i.e., the elements of the cause of action and authority for it." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43–44.)

While we are mindful that Hill has represented himself for most of this case,[6] he "is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys." (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.) He therefore is bound to follow the most fundamental rule of appellate review: the judgment or order challenged on appeal is presumed to be correct, and "it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006)

---

[6] Hill represented himself in the trial court and during the briefing on appeal. Counsel substituted into the case in August 2021 in order to represent Hill at oral argument.

8

139 Cal.App.4th 1567, 1573.) "All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*).) " 'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' " (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146.) "We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.' " (*Id.* at p. 153.)

Even though the trial court's order sustaining Fay's demurrer is subject to this court's de novo review, the standard of review does not relieve Hill of the burden to demonstrate prejudicial error. (*Bains v. Moores* (2009) 172 Cal.App.4th 445, 455.)

**3.** *Fay's Request For Judicial Notice*

Hill contends the trial court erroneously granted Fay's request to take judicial notice of several recorded documents, including the Deed of Trust, the assignment of the Deed of Trust, and two foreclosure notices. A court may take judicial notice of the existence and contents of recorded documents, but not disputed facts stated in them. (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924, fn. 1 (*Yvanova*).) When there is no dispute about the authenticity of a recorded document—and none exists here—a court also may take judicial notice of the document's legally operative language and "deduce and rely upon the legal effect of the recorded document, when that effect is clear from its face." (*Fontenot v. Wells Fargo Bank,*

9

*N.A.* (2011) 198 Cal.App.4th 256, 265 (*Fontenot*), disapproved on other grounds in *Yvanova*, at p. 939, fn. 13.)

Although far from clear, Hill seems to suggest the trial court erred by accepting as true disputed facts contained within the recorded documents. The record, however, does not support this contention. The court did not cite or otherwise purport to rely on any disputed information contained within the documents in reaching its decision. Hill, therefore, has not met his burden of showing prejudicial error. (*Denham, supra*, 2 Cal.3d at p. 564.)

**4.      *The FAC Does Not State A Viable Cause of Action***

Hill insists he stated causes of action under the Rosenthal Act, HBOR, and UCL by alleging that Fay demanded repayment of his loan and initiated foreclosure proceedings without the authority to do so. Such allegations are legal conclusions, which alone are not sufficient to overcome a demurrer. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967 (*Aubry*).) Instead, Hill must point to factual allegations in the FAC demonstrating that Fay lacked the requisite authority. Hill has made numerous attempts to do so, but his efforts fall short.

In the FAC, for example, Hill alleged Fay lacked the requisite authority because the assignment of the Deed of Trust to Ventures Trust (Fay's principal) was not accompanied by a simultaneous assignment of the Note. According to Hill, because a deed of trust is inseparable from the note it secures, an assignment of a deed of trust without an assignment of the corresponding note is necessarily ineffective and void. (See *Fontenot, supra*, 198 Cal.App.4th at p. 271 ["the assignment of an interest in the security for a debt is a nullity in the absence of an assignment of the debt itself"]; see also *Yvanova, supra*,

10

62 Cal.4th at p. 927 [a deed of trust "is inseparable from the note it secures"].)

Even assuming that were true, Hill's theory fails because it is directly contradicted by the actual assignment of the Deed of Trust, which Hill attached to the FAC.[7]  The assignment states it "grant[s], sell[s], assign[s], transfer[s] and convey[s]" unto Ventures Trust "all beneficial interest under [the 2006] Deed of Trust . . . *together with the note(s) and obligations therein described . . . .*"  (Italics added.)  This language was sufficient to assign the Note to Ventures Trust.  (See *Debrunner v. Deutsche Bank National Trust Co.* (2012) 204 Cal.App.4th 433, 442; *Fontenot, supra*, 198 Cal.App.4th at p. 271.)  Where, as here, "facts appearing in the exhibits [attached to a complaint] contradict those alleged, the facts in the exhibits take precedence."  (*Holland v. Morse Diesel Internat., Inc.* (2001) 86 Cal.App.4th 1443, 1447.)

Perhaps aware of this problem, Hill advanced a different theory in opposition to Fay's demurrer.  Specifically, he argued the assignment of the Deed of Trust is void because it was executed by the former servicer on his loan (Bank of America), rather than the beneficiary of his debt obligation.  Hill appears to have abandoned this theory on appeal, so we consider it forfeited.  (See *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 ["When an appellant fails to raise a point, or asserts it but

_____

[7]     We take judicial notice of the existence and legal effect of the assignment.  (See *Fontenot, supra*, 198 Cal.App.4th at p. 265; *Poseidon Development, Inc. v. Woodland Lane Estates, LLC* (2007) 152 Cal.App.4th 1106, 1118 [taking judicial notice that an assignment of a deed of trust had the effect of transferring a party's beneficial interest in the deed of trust].)

fails to support it with reasoned argument and citations to authority, we treat the point as waived."].)

Hill advances yet another theory in his appellate briefs.[8] As we understand it, Hill contends the Note could not be transferred to Ventures Trust in 2014 given he defaulted on his loan in 2008. In support, Hill relies on section 3302 of the California Uniform Commercial Code, which states a "holder in due course" of a negotiable instrument must take the instrument without notice that it is "overdue or has been dishonored."[9] (Cal. U. Com. Code, § 3302, subd. (a)(2).) Because Ventures Trust could not be the holder in due course of the Note, Hill argues, the 2014 assignment of the Deed of Trust is void and Fay lacked authority to enforce the Note.

Contrary to Hill's contentions, a person need not receive a note as a holder in due course in order to demand payment on it. (See Cal. U. Com. Code, § 3301 [defining the persons entitled to enforce a negotiable instrument].) California also has a comprehensive statutory framework governing nonjudicial foreclosures, which does not require the foreclosing entity be a holder in due course of the note. (*Shuster v. BAC Home Loans Servicing, LP* (2012) 211 Cal.App.4th 505, 511–512.) Hill,

---

[8] We reject Fay's contention that Hill is precluded from asserting theories he failed to raise in the trial court. "[A]n appellate court 'may consider new theories on appeal from the sustaining of a demurrer.'" (*Gutierrez v. Carmax Auto Superstores California* (2018) 19 Cal.App.5th 1234, 1245.)

[9] A holder in due course of a negotiable instrument, as opposed to a mere "holder" of the instrument, is entitled to additional protections from claims and defenses by the obligor. (Cal. U. Com. Code, § 3305, subd. (b); *Finalco, Inc. v. Roosevelt* (1991) 235 Cal.App.3d 1301, 1304.)

12

moreover, fails to provide any authority to support his claim that an assignment of a deed of trust is void unless the assignee is a holder in due course of the corresponding note. Absent such authority, the fact that Ventures Trust was not a holder in due course of the Note is irrelevant.

We also reject Hill's passing suggestion that the FAC states causes of action by alleging there is not a valid chain of title, Fay created and recorded false assignments and notices, and Fay made false, deceptive, and misleading representations. These are factual and legal conclusions, which are not sufficient to overcome a demurrer. (*Aubry, supra*, 2 Cal.4th at p. 967.)

Hill alternatively suggests it is Fay's burden to prove it had the requisite authority to seek repayment of his loan and pursue foreclosure. In support, he cites *Cockerell v. Title & Ins. Co.* (1954) 42 Cal.2d 284, in which the California Supreme Court noted the "burden of proving an assignment falls upon the party asserting rights thereunder . . . ." (*Id.* at p. 292.)

Hill's reliance on *Cockerell* is misplaced. As multiple courts have explained in response to similar arguments, *Cockerell* merely stands for the proposition that "an assignee *who files suit to enforce an assigned right* bears the burden of proving a valid assignment." (*Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808, 814; see *Yhudai v. IMPAC Funding Corp.* (2016) 1 Cal.App.5th 1252, 1260.) Here, Fay did not file a lawsuit seeking to enforce its rights under the Deed of Trust or Note. Rather, Hill sued Fay on the basis that it allegedly demanded repayment on his loan and initiated foreclosure proceedings without authority. Hill had the burden to prove those allegations. (See *Yhudai*, at p. 1260 [holding a plaintiff challenging a nonjudicial foreclosure had the burden to prove

13

an assignment was void]; *Saterbak*, at p. 814 [same].)  Because he failed to allege sufficient facts that would do so, the trial court properly sustained the demurrer.

**5.**      ***The Court Properly Denied Leave to Amend***

Hill contends the trial court abused its discretion by refusing to grant him leave to amend to add a wrongful foreclosure cause of action.  According to Hill, amendment is warranted because Fay proceeded with a foreclosure sale of his property while the action was pending.

As best we can tell, Hill's proposed wrongful foreclosure cause of action would be premised on the same defective theories as his other claims.  Hill, however, does not suggest any way in which he could cure those defects.  As a result, amendment of the complaint to add a wrongful foreclosure cause of action would be futile.  Under these circumstances, the trial court did not abuse its discretion by denying leave to amend. (See *Vaillette v. Fireman's Fund Ins. Co.* (1993) 18 Cal.App.4th 680, 685 ["leave to amend should *not* be granted where, in all probability, amendment would be futile"].)

14

## DISPOSITION

We affirm the judgment.  Fay Servicing, LLC is to recover its costs on appeal.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

EGERTON, J.

We concur:

LAVIN, Acting P. J.

MATTHEWS, J.*

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.