Filed 11/22/22 Estes v. D W W III Co. CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| JOSEPHINE ESTES, | |
| Plaintiff and Appellant, | G060501 |
| v. | (Super. Ct. No. 30-2020-01168325) |
| D W W III CO., INC., et al., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Glenn R. Salter, Judge. Reversed. Request for judicial notice. Granted.

John L. Dodd & Associates and John L. Dodd; Gregory L. Bartone for Plaintiff and Appellant.

Hallstrom, Klein & Ward, Grant J. Hallstrom and Paul J. Kurtzhall for Defendant and Respondent.

\*       \*       \*

This appeal arises from a demurrer sustained without leave to amend. While a new complaint was filed within the requisite time period, the complaint incorrectly listed the case number of a previously filed complaint that had been dismissed without prejudice. The clerk, rather than assign a new case number to the new complaint, rejected the filing, and waited a month to notify the plaintiff who was self-represented but assisted by counsel, and then engaged in a protracted back-and-forth with plaintiff's counsel that misled counsel into believing the new complaint would be filed. By the time it became clear the clerk would not accept the filing, the statute of limitations had run. Plaintiff ultimately filed her new complaint, but suffered a dismissal after the trial court sustained the demurrer based on the statute of limitations.

It was error for the trial court to sustain the demurrer and dismiss the case on the basis of the statute of limitations. The new complaint that was initially submitted for filing having sufficiently complied with the rules. The clerk should have filed the complaint and assigned a new case number, disregarding the old case number. At minimum, the court should have deemed the new complaint filed on the date of the original attempted filing date of June 1, 2020. Accordingly, we reverse.

FACTS

Because this appeal turns entirely on the procedural history of the case, we will provide only a brief summary of the facts alleged in the complaint. The complaint asserts causes of action for negligence and intentional infliction of emotional distress. Plaintiff Josephine Estes (Estes) alleges she was harassed, intimidated, and physically assaulted by employees of defendant Toyota of Huntington Beach (Toyota HB). The physical assault allegedly occurred on June 2, 2018. It is unclear what relationship Estes had with Toyota HB, though the complaint suggests that she was a customer. The parties are in agreement that a two-year statute of limitations applies to these claims. (See Code Civ. Proc., § 335.1.)

2

In May 2019, Estes, filed a complaint against Toyota HB, case number 30-2019-01068705 (the 2019 complaint). Toyota HB's demurrer was sustained with leave to amend. Estes, acting in pro per, but with the assistance of an attorney, opted not to amend the complaint and instead filed a dismissal without prejudice in September 2019. Although that complaint is not in our record, there was sworn testimony below that the facts alleged in the 2019 complaint were the same as the present complaint.

On June 1, 2020, Estes again acting in pro per and with the assistance of counsel attempted to electronically file a new complaint using the same case number of the 2019 complaint. Plaintiff's counsel sent the complaint via his attorney service with a notation, "[t]he statute of limitations runs tomorrow, June 2, 2020. Please confirm receipt and filing with the court." The clerk rejected the filing with the following comment: "Claim already exists and was dismissed. Request a motion for court to set aside dismissal so that you can [file] new papers." The e-filing rejection notice was not mailed until July 8, 2020.

According to Estes's trial attorney, his office immediately called the court clerk, and after a discussion, the clerk said "he would try to get it pulled to get it stamped." However, on October 29, 2020, the clerk's office e-mailed Estes's attorney, stating, "The rejection stands. Page one of the complaint received in the transaction contained number 30-2019-01068705. A clerk would not delete the case number to file it as a new case. Please correct your documents and resubmit them."

On November 3, 2020, Estes filed the new complaint under case number, 30-2020-01168325 (the 2020 complaint) which was then amended on November 13, 2020.[1] Toyota HB demurred to the amended complaint on statute of limitations grounds. In opposition, Estes's counsel explained the procedural history of the case recounted

---

[1]     For purposes of our analysis, the amended complaint is irrelevant.

3

above. The court sustained the demurrer and subsequently entered a judgment of dismissal. Estes timely appealed.

DISCUSSION

Estes contends the court erred in sustaining the demurrer. We review the court's ruling de novo. (*People for Ethical Operation of Prosecutors etc. v. Spitzer* (2020) 53 Cal.App.5th 391, 398.) We agree the court erred.

We begin our discussion with an instructive case: *Rojas v. Cutsforth* (1998) 67 Cal.App.4th 774 (*Rojas*). There, in a personal injury action, the plaintiff filed a complaint, but it was rejected by the clerk because "a declaration for court assignment was not signed and the summons contained the address of the wrong branch of the court. In the meantime, the statute of limitations passed." The trial court ultimately entered summary judgment on statute of limitations grounds. The Court of Appeal reversed. (*Id.* at p. 775.)

Although the defects in *Rojas* are not the same as the defects here, the court's discussion of the clerk's duties are directly applicable. "It is difficult enough to practice law without having the clerk's office as an adversary. Here, paltry nit-picking took the place of common sense and fairness. [¶] Where, as here, the defect, if any, is insubstantial, the clerk should file the complaint and notify the attorney or party that the perceived defect should be corrected at the earliest opportunity. [Citation.] That should create no more difficulty than returning all the documents with a notice pointing out the defects. To deny [plaintiff] her cause of action for lack of a signature makes a mockery of judicial administration." (*Rojas, supra,* 67 Cal.App.4th 774 at p. 777.) "The functions of the clerk are purely ministerial. [Citation.] The clerk has no discretion to reject a complaint that substantially conforms to the local rules." (*Ibid.*) "[A] paper is deemed filed when it is deposited with the clerk with directions to file the paper. [Citation.]

4

Because here the clerk had no proper basis for rejecting [plaintiff's] complaint, it must be deemed filed when it was [initially] presented . . . ." (*Id.* at p. 778.)

Likewise, here, common sense and fairness has taken a back seat to technicalities. Appending the wrong case number to a complaint is an easily remedied defect. The clerk's office could have easily cleared up any confusion, and permitted the filing of the complaint under a new case number as of the date it was received.

Moreover, there is nothing in the Code of Civil Procedure or Rules of Court that would permit the clerk's office to wholesale reject a filing under these circumstances. California Rules of Court, rule 1.20 establishes a presumption that a document tendered to a court clerk should be filed: "Unless otherwise provided, a document is deemed filed on the date it is received by the court clerk." We have not located, nor have the parties cited, any rule that would permit the clerk to reject a filing on the ground that the wrong case number is listed. To the contrary, Superior Court of Orange County, Local Rule 309 required Estes to include the case number of the previously dismissed case so that it could be assigned to the same judicial officer. Even assuming Estes included that information in the wrong box (we do not actually have the original filing in the record, probably because it was not filed), the fact that she was required to include the prior case number makes the mistake even more trivial.

Toyota HB's initial response is that we should ignore all of the circumstances surrounding the filing because they are outside the four corners of the complaint. We reject that argument for two reasons. First, in its opposition below, Toyota HB did not object to the court considering the procedural history of the case. Indeed, it even cited some of that history in its demurrer. Even if Toyota HB had objected, Estes could have filed a motion for judicial notice. By failing to object, Toyota HB waived the objection. Second, this court on its own motion, could take judicial notice of the clerk's records which confirms that a complaint was timely submitted and rejected on June 2, 2020, based on the incorrect case number. We decline to do so at this juncture

5

since the records are already part of the appellate record, which was not objected to below. However, suffice it to say there no hurdles to overcome when considering the procedural history in resolving this appeal.

Toyota HB's additional argument is to point out the various procedural vehicles plaintiff could have pursued as relief from her mistake, such as a motion requesting that the court deem the original complaint filed as of June 2, 2020, a motion to set aside the earlier dismissal, or the filing of a new complaint within the extended statute of limitations period.[2] Whatever the merit of those suggestions, they miss the mark, which is that the clerk should have initially filed the 2020 complaint which would have occurred prior to the running of the statute of limitations thus obviating the need for Estes to avail herself of additional costly options. Moreover, the court did not need a separate motion to deem the complaint filed on the date it was first tendered, especially in light of the already congested calendars due to Covid which served as a backdrop to the procedural history in this case.

---

[2] Due to the effects of the Covid pandemic, the Judicial Council adopted California Rules of Court, appendix l, Emergency Rules Related to COVID-19, emergency rule 9, subdivision (a), which tolled the statute of limitations until October 1, 2020. Estes filed a motion requesting that we take judicial notice of certain legislative history materials relevant to amendments the Legislature made to provide relief for deadlines during the Covid pandemic. That motion is granted, though we do not find it necessary to our analysis to consider those materials.

6

## DISPOSITION

The judgment of dismissal is reversed. The matter is remanded with instructions to deem the new complaint filed as of June 2, 2020. Estes shall recover her costs incurred on appeal.

MARKS, J.*

WE CONCUR:

O'LEARY, P. J.

SANCHEZ, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.