Filed 1/22/24  Yager v. Superior Court CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| PAUL YAGER, | |
| Petitioner, | E082465 |
| v. | (Super.Ct.No. COM029661) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Petition granted.

Paul Yager, in pro. per, for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

1

Petitioner Paul Yager (Yager), an inmate at a federal prison in California, has an arrest warrant and charges pending in the Riverside County Superior Court that prevent him from being transferred to a residential re-entry program. Yager twice attempted to file a motion to dismiss the Riverside County charges. Both times, despite a proof of service that showed Yager served the district attorney's office, the superior court clerk rejected the motion and directed Yager "to Penal Code [section] 1381, which requires you to serve your request on the Office of the District Attorney."

Yager sought review by petitioning for writ of mandate in the California Supreme Court, which transferred the matter to this court. After reviewing Yager's writ petition, we requested a response and advised the parties we may issue a peremptory writ in the first instance under *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178. No response was filed. We agree with Yager that the superior court clerk improperly rejected his motion to dismiss. However, rather than ordering dismissal of the charges as Yager requests, we direct the superior court to file and rule on Yager's motion. We express no opinion on the merits of the motion.

DISCUSSION

Penal Code sections 1381 and 1381.5 allow individuals serving a term of imprisonment in California, and who have state charges pending against them, to demand the district attorney's office proceed to trial on the charges, and to file a motion to dismiss if their case is not brought to trial within the timelines set forth in the statutes. Penal Code section 1381 governs defendants who are housed in state correctional

2

institutions, and Penal Code section 1381.5 governs defendants, like Yager, who are housed in federal correctional institutions located in California. Under Penal Code section 1381, upon receiving a written demand for trial, the district attorney's office has 90 days to bring the defendant to trial, unless the defendant requests or consents to a continuance in open court. Similarly, under Penal Code section 1381.5, when the district attorney's office receives a demand for trial, it is required to "promptly inquire of the warden or other head of the federal correctional institution in which such defendant is confined whether and when such defendant can be released for trial or for sentencing." Upon receiving "an assent from authorized federal authorities for release of the defendant for trial or sentencing . . . the district attorney . . . shall bring him to trial or sentencing within 90 days . . . unless the federal authorities specify a date of release after 90 days, in which event the district attorney shall bring the prisoner to trial or sentencing at such specified time" unless the defendant requests or consents to a continuance in open court. (Pen. Code, § 1381.5)

On March 28, 2023, Yager served the district attorney's office with a written "notice of demand for trial or disposition" under Penal Code sections 1381 and 1381.5.

On June 28, 2023, Yager attempted to file a "motion to dismiss for failure to comply with demand for speedy trial" under Penal Code section 1382. Despite a declaration that stated Yager served the district attorney's office with a demand for trial on March 28, 2023, and a proof of service that showed Yager served the district attorney's office with a copy of the motion to dismiss, the superior court clerk rejected

3

the motion and returned it unfiled, with an ink stamp on the back of the envelope that directed Yager "to Penal Code [section 1381], which requires you to serve your request on the Office of the District Attorney."

On July 13, 2023, Yager resubmitted the motion with a letter to the clerk explaining that he had served the district attorney's office, as required, and that he was entitled to file the motion because the district attorney's office did not respond to his demand for trial within 90 days. The clerk again rejected the motion and returned it to Yager with the same ink stamp on the back of the envelope that directed him "to serve [his] request on the Office of the District Attorney" under Penal Code section 1381.

The clerk improperly rejected Yager's motion to dismiss for failure to serve the district attorney's office. The motion reflected that he had served the district attorney's office—both with the demand for trial and with the motion to dismiss. When the clerk improperly refuses to file a motion, mandate is appropriate to direct a lower court to file and rule on the merits of the motion. (*Voit v. Superior Court* (2011) 201 Cal.App.4th 1285, 1287-1288.) "If a document is presented to the clerk's office for filing in a form that complies with the rules of court, the clerk's office has a ministerial duty to file it." (*Id*. at p. 1287.) Whether or not Yager is entitled to dismissal of the charges, the clerk had a ministerial duty file his motion.

Having followed the procedures and given the notice described in *Palma v. U.S. Industrial Fasteners*, *Inc.*, *supra*, 36 Cal.3d at p. 178, we find this matter appropriate for issuance of a peremptory writ in the first instance because there has been clear error

4

under well-settled principles of law and undisputed facts.  (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1240-1241.)

## DISPOSITION

Let a peremptory writ of mandate issue, directing the respondent superior court to file and rule on Yager's June 28, 2023 "motion to dismiss for failure to comply with demand for speedy trial."  This decision shall be final as to this court immediately. (Cal. Rules of Court, rule 8.490(b)(2)(A).)

The clerk of this court is DIRECTED to attach a copy of Yager's motion to dismiss to the remittitur.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
Acting P. J.

We concur:

MILLER
J.

FIELDS
J.